Memorandum. The order of the Appellate Division should be reversed.
In February, 1972 respondent, then a Vice-President and Chairman of the Board of Newberger, Loeb & Co., Inc., a member of the New York and American Stock Exchanges, entered into an agreement with appellant, then president and a director of the Newberger firm, and others for the sale to them of respondent’s 200,000 shares of the stock of Newberger. Fifty thousand dollars of the purchase price was paid then and the purchasers gave a promissory note for the balance of $350,000. Other details of the arrangement between the parties, which contemplated the retirement of the seller from active participation in the securities business, were evidenced in other contemporaneous writings. The entire transaction was made contingent on the approval of the New York Stock Exchange. When the papers were signed in February, 1972, both respondent and appellant were registered with the American Stock Exchange.
The prerequisite approval of the stock sale transaction by the New York Stock Exchange was not received until October, 1972, at which time the promissory note and the associated writings were delivered and the stock sale was closed. At approximately the same time the seller terminated his employment with Newberger and his registration with the American Stock Exchange.
The purchasers thereafter defaulted in the payment of an installment of the promissory note. As a consequence, the full balance due was accelerated and the seller moved for summary judgment in lieu of a complaint under CPLR 3213.
While neither the note nor any of the associated writings between the parties contained any agreement to arbitrate or any reference to any such agreement, appellant purchaser *444 cross-moved to compel arbitration on the ground, in major part, that the seller was obligated to arbitrate their dispute under a provision of the constitution of the American Stock Exchange: "Members, member firms, partners of member firms, member corporations and officers of member corporations shall arbitrate all controversies arising in connection with their business between or among themselves or between them and their customers as required by any customer’s agreement or, in the absence of a written agreement, if the customer chooses to arbitrate.” On becoming affiliated with the Exchange, the seller had agreed in writing to abide by the constitution and rules of the Exchange including this provision. We view this commitment on his part as a continuing choice of forum with respect to all controversies within the subject matter scope of the provision.
We conclude that by their earlier commitments to the arbitration obligation under the Exchange’s constitutional provision, the parties must be considered to have entered into the substantive agreement between them in contemplation of such commitments. When the transaction was negotiated and the various instruments were signed, both respondent ánd appellant were "officers of member corporations”. Had the transaction closed in February, 1972, there would then have been little doubt that the transaction, and thus claims derivative therefrom, arose "in connection with their business”. In effect all transactional documents, together with the commitment to arbitrate, were held in escrow pending receipt of the approval of the New York Stock Exchange. When that approval was received the documents were delivered and the sale was closed. The fact that respondent seller then terminated his affiliation with the American Stock Exchange did not operate retroactively to vitiate his commitment to arbitrate in effect at the time the papers had been signed some months earlier.
We have examined the similar contention advanced by appellant that the seller was obligated to arbitrate their dispute under the constitution and rules of the New York Stock Exchange. We find such claim to be without merit.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order insofar as appealed from reversed, with costs, and *445 defendant Risher’s cross motion to compel arbitration granted in a memorandum.