■ ROBERT H. NEIMAN, Respondent, v BECKER SECURITIES CORPORATION, Appellant. — Order of the Supreme Court, New York County (Williams, J.), filed January 11, 1979 which denied defendant's motion to stay this action for damages in connection with the termination of plaintiff's employment and to compel arbitration, unanimously reversed, on the law, without costs, and the stay granted, and the parties directed to proceed to arbitration. The plaintiff was employed by the defendant corporation as a broker and after some four years his employment was terminated. The plaintiff and the defendant are members of the American Stock Exchange (AMEX). The plaintiff instituted the instant suit for damages claiming wrongful termination and damages for lost compensation and lost pension rights. The defendant moved for a stay of the action and to compel arbitration on the basis that the plaintiff had agreed to be bound by the AMEX constitution requiring members to "arbitrate all controversies arising in connection with their business between or among themselves". The court, at Special Term, denied the motion on the basis that it was business matters that were to be arbitrable and not an employment relationship. However, the employment was related to the business and,

therefore, the arbitration provision applies. (*Matter of Dunay v Weisglass,* 54 NY2d 25; *Muh v Risher,* 38 NY2d 441; see, also, *Kelleher v Reich,* 532 F Supp 845 [Leval, J.], CCH Federal Securities L Rep, par 98,040.) Concur — Kupferman, J. P., Sandler, Carro, Asch and Markewich, JJ.