MOBIL OIL INDONESIA INC., Respondent, v ASAMERA OIL (INDONESIA) LTD. et al., Appellants.

First Department, March 17, 1977

*C. MacNeil Mitchell* of counsel *(Stephen R. Lang* and *Paul J. Weiner* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for appellants.

*William E. Jackson* of counsel *(Adlai S. Hardin, Jr.,* and *Richard C. Tufaro* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for respondent.

NUNEZ, J. In this action involving contract rights to explore and produce vast petroleum reserves, the parties seek a determination of which procedural rules shall govern arbitration of their disputes. The contract, dated July 16, 1968, contained a broad arbitration clause providing that "[a]ny dispute arising out of or relating to this Agreement shall be settled by arbitration in accordance with the Rules of the International Chamber of Commerce" (hereinafter "Rules" or "ICC") and designated New York City as the place of arbitration. At the time the agreement was executed, and indeed at the time of institution on November 6, 1974 of the within arbitration, the June 1, 1955 Rules were in force. On June 1, 1975, after arbitration had commenced, new Rules were put into effect (1975 Rules). Following several meetings to prepare the "Terms of Reference" which would govern the arbitral proceeding, at which counsel, the parties, and the three arbitrators were present, a majority of the arbitrators ruled that all proceedings thereafter would be conducted under the 1975 Rules.

On October 31, 1975 petitioner-respondent applied to the ICC Court of Arbitration for a direction that the arbitrators apply the 1955 Rules. The court refused to interfere, held that it was for the arbitrators to decide the procedural issue presented, and directed the arbitrators to formalize their decision. On March 30, 1976 the arbitrators, again by a majority vote, ruled in an interlocutory award that the 1975 Rules were applicable. They concluded the parties intended to refer to the Rules as they were from time to time and that the general principle, as well as New York law, is to apply procedural rules as they exist at the time the procedural issues arise. (See *Matter of Clayton v Clement,* 33 NY2d 386, 390.) The dissenting arbitrator, the esteemed former Judge JOHN VAN VOORHIS, likewise seeking the intent of the parties, found the parties intended the 1955 Rules to apply. It is submitted, as the court below found, that prehearing discovery

is permitted under the 1975 Rules but not under the 1955 Rules.

Petitioner moved pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) to vacate the interlocutory award on the ground it exceeded the arbitrators' power. The court below agreed with petitioner and held: it is for the courts, and not the arbitrators, to determine which procedural rules apply; the parties agreed to apply the 1955 Rules; and, therefore, the arbitrators exceeded their power in determining that the 1975 Rules apply. We disagree.

Initially we note that the court below had jurisdiction for its decision. CPLR 7511 (subd [b], par 1, cl [iii]) provides an award may be vacated when "an arbitrator * * * exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made". While the award herein is not final, the courts possess the inherent power to afford relief prior to rendition of a final award if the relief sought would require a subsequent final award to be vacated *(Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.],* 13 AD2d 288, revd on other grounds 11 NY2d 128. See, also, *Western Union Tel. Co. v Selly,* 295 NY 395, and *Matter of Pisciotta [Newspaper Enterprises],* 5 AD2d 1014).

The issue at bar is whether the courts or the arbitrators should glean from the contract the applicable procedural rules. Initially it is noted that New York State policy favors and encourages arbitration as a means of conserving the time and resources of the courts and parties *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 95; *Matter of Weinrott [Carp],* 32 NY2d 190, 199).

In *Pearl St. Development Corp. v Conduit & Foundation Corp.* (41 NY2d 167) the court held that under a broad arbitration clause it is for the arbitrators to resolve questions of interpretation of the contract documents to determine whether there are requirements preliminary to the presentation of the claim to arbitration, and, if so, to determine whether or not these requirements have been met. (See, also, *Wiley & Sons v Livingston,* 376 US 543, 557.) The Court of Appeals foresaw the hazard of disputes of interpretation being refined into questions of arbitrability and suggested the way out of the dilemma is that where there is a broad arbitration clause the function of the courts is designed to determine whether the parties entered into an agreement to arbitrate:

"Once it appears that there is, or is not a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., supra,* p 96). If it is found that the parties agreed to arbitrate the dispute, all issues relating to the interpretation of the agreement or of law or fact are to be determined by the arbitrator and, so long as they do not reach an irrational result, the courts will not set aside their determination *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer., supra; Matter of Exercycle Corp. [Maratta],* 9 NY2d 329, 334-337). Absent a provision to the contrary in the arbitration agreement, a determination as to substantive or evidentiary principles by the arbitrators will be sustained by the courts even though the courts would have, had the matter been before them, reached a different conclusion, so long as the arbitrators' determination was not irrational. *(Lentine v Fundaro,* 29 NY2d 382, 385; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383.) Once it is determined that the parties agreed to have the subject matter of a dispute submitted to arbitration, procedural questions which emerge and bear on the final disposition should be left to the arbitrators. Otherwise, delay, duplication, and the illogical situation that issues of substance and those of procedure would be decided in different forums would result *(Wiley & Sons v Livingston, supra,* pp 557-558).

That the parties agreed to arbitrate is undisputed as is the fact that the issues raised on arbitration bear a reasonable relationship to the contract. Furthermore, that the arbitrators' result is rational, although it may not have been the result others would have reached, is beyond peradventure. The parties agreed to be bound by the Rules of the ICC and it was for the arbitrators to determine which Rules of the ICC were intended.

Despite petitioner's position to the contrary, no evidence is presented that greater restriction exists on the authority of an ICC arbitrator than on the authority of any other commercial arbitrator under the Rules of the American Arbitration Association (AAA). (See *Parsons & Whittemore Overseas Co. v Societe Generale L'Industrie,* 508 F2d 969, 976-977.) Nor is any limitation of the arbitrators' broad powers found in the agreement itself.

Under the broad arbitration clause in the case at bar,

questions of interpretation are for the arbitrators to decide and this is so even if the contract determination affects the very ground rules of the arbitration. If, for example, the agreement provided for arbitration pursuant to New York law, a determination by the arbitrators would not be overturned because the arbitrators applied the substantive law as of the time of arbitration rather than as of the time of agreement, or vice versa. Such determination as to substantive law goes no more nor less to the parties' agreement to arbitrate than a provision as to which procedural rules to apply. It follows logically and naturally that the determination of the parties' intention as to procedural rules is gauged by the same standard applied to substantive rules: Did the parties agree to arbitrate and did the arbitrators make a rational determination of which procedural rules to apply? As the answer to both portions of the question is in the affirmative, it was improper for the court below to impose its judgment in the place and stead of the arbitrators.

Accordingly, the judgment, Supreme Court, New York County (FRAIMAN, J.), entered October 28, 1976, vacating an interlocutory award of the arbitrators, should be reversed on the law, the petition denied and the interlocutory award of the arbitrators reinstated and confirmed, with costs and with disbursements.

LUPIANO AND MARKEWICH, JJ., concur; KUPFERMAN, J. P., and BIRNS, J., dissent and would affirm on opinion of FRAIMAN, J., and dissenting note of Arbitrator Judge VANVOORHIS.

Judgment, Supreme Court, New York County entered on October 28, 1976, reversed, on the law, and vacated, the petition denied and the interlocutory award of the arbitrators reinstated and confirmed. Respondents-appellants shall recover of petitioner-respondent $40 costs and disbursements of this appeal.