■ In the Matter of the Arbitration between NEW ENGLAND PETROLEUM CORPORATION et al., Appellants, and ASIATIC PETROLEUM CORPORATION, Respondent.—Order, Supreme Court, New York County, entered September 2, 1976, which, *inter alia,* denied petitioner's motion to stay arbitration of respondent's counterclaims and stated that the 1972 contract was subject to modifications agreed upon in the 1975 agreements, unanimously modified, on the law, to the extent of striking the language in the second ordering paragraph stating that the 1972 contract was subject to the modifications agreed upon in the 1975 agreements, and otherwise affirmed, without costs or disbursements. The motion is granted only to the extent of vacating the outstanding stay. The facts, briefly stated, are as follows: The petitioners had entered into a contract with the respondent in 1972, which provided that the respondent would supply oil at prices determined by a formula contained in the contract. The contract also contained provisions for price renegotiation and, upon failure of the parties to agree on a renegotiated price, the contract could be terminated on 60 days' written notice. Respondent terminated the contract effective March 2, 1975 and petitioners served demands for arbitration, claiming that respondent had proceeded in bad faith. During the arbitration proceeding, the parties entered into a stipulation on February 28, 1975 providing for continued oil delivery based on a specified payment formula, which stipulation was subject to the final award of the arbitrators retroactive to March 2, 1975 (the date the contract was terminated by respondent's written notice). On May 29, 1975, a second arbitration was begun by petitioners, alleging overcharges, the hearings of which were stayed pending the outcome of the first arbitration. On October 22, 1975, at the conclusion of the first arbitration, the arbitrators awarded specific performance of the 1972 contract, which award was confirmed in a judgment dated January 8, 1976. The second arbitration was then commenced with the respondent interposing numerous counterclaims. Petitioners moved to stay the arbitration of the counterclaims, which motion was denied. Special Term noted that the arbitrators had complete authority to determine disputes arising from the 1972 contract, and that the [second] arbitration proceeding had already been begun. While we are in agreement with Special Term that the arbitration should not be stayed, we note that whether or not the 1972 contract is subject to modification by the 1975 agreements is a matter to be determined by the arbitrators and we have modified the order of Special Term accordingly. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.