■ MARGARET CULLINAN, Respondent, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, et al., Appellants, and PROFESSIONAL STAFF CONGRESS OF THE CITY UNIVERSITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered November 22, 1976, which in this article 78 proceeding granted the petition to the extent of directing the respondent Board of Higher Education to accept petitioner's grievance as timely filed and to comply with the grievance procedure as set forth in the collective bargaining agreement between the Board of Higher Education and the Professional Staff Congress of the City University of New York, unanimously reversed on the law, and vacated and the petition dismissed without costs and without disbursements. Petitioner, a lecturer in the city college history department, was notified by the department chairman that she was to be reappointed, pursuant to which she would have had tenure. However, the division of social science and the college review committee recommended that she not be reappointed, and the president of the college upheld that decision. Relying on information that all nontenured and noncertificated members of the teaching staff of the department would not be reappointed, she did not file a grievance. Thereafter, the petitioner learned that some in her category were not terminated, and so she then untimely, filed the grievance pursuant to the proper collective bargaining agreement procedure. At the first and second steps of the procedure, the grievance was rejected on the ground that it was not timely. The third step providing for arbitration was not followed, and instead this proceeding was brought. We hold that arbitration is proper in the premises. (See *Matter of Citizens Care Day Care v Community and Social Agency Employees Union, Dist. Council 1707 Day Care Employees,* 57 AD2d 524.) Further, it is for the arbitration tribunal to determine whether the grievance was timely, and whether, if untimely, the delay was excusable in view of the inaccurate information allegedly received. (See *Pearl St. Dev. Corp. v Conduit & Foundation Corp.,*

41 NY2d 167; *Matter of New England Petroleum Corp. (Asiatic Petroleum Corp.)* 57 AD2d 771; *Mobil Oil Indonesia v Asamera Oil (Indonesia),* 56 AD2d 339, app dsmd 41 NY2d 1103, lv to app granted 58 AD2d 528.) Concur—Kupferman, J.P., Birns, Silverman and Lane, JJ.