Per Curiam.

In this CPLR article 75 proceeding, appellant seeks reversal of the order affirming Special Term’s stay of *944 two arbitration proceedings commenced by her: one, under a partnership agreement against the Smithtown General Hospital, a partnership which operates a private proprietary hospital; and, the other, under a corporate stockholders’ agreement against Opan Realty Corp., the owner of the real property upon which the hospital functions. The stockholders are the same individuals as those who comprise the partnership.
The partnership agreement provides that any dispute in respect to the partnership "shall be decided * * * by the American Arbitration Association” but that a dispute shall not be deemed to exist thereunder until the matter is first submitted for determination to the partnership and, in the event a determination is made by 80% or more of the "capital contributions”, the matter shall be final and binding and that any parties opposing such determination shall not have the right to determine the matter by arbitration and shall "be bound by determination.” The stockholders’ agreement incorporates the provisions of that relating to the partnership "insofar as same are applicable to the Corporation”, and stipulates that "[a]ll disputes of stockholders shall be settled by the American Arbitration Association, in the manner provided for in the partnership agreement.”
Contrary to appellant’s position, fulfillment of conditions precedent to arbitration is a question at least initially for the court, not the arbitrator (Matter of Raisler Corp. [N. Y. City Housing Auth.], 32 NY2d 274, 282; Matter of Wilaka Constr. Co. [N. Y. City Housing Auth.] 17 NY2d 195, 198-199; Matter of Exercycle Corp. [Maratta], 9 NY2d 329, 334-335). Although a liberal stance is assumed in determining which matters are arbitrable (see Matter of Weinrott [Carp] 32 NY2d 190; Matter of Blum Folding Paper Box Co. [Friedlander—Raften] 27 NY2d 35), where the parties have established a procedure for the resolution of their intra-partnership and intra-corporation disputes, as here, that procedure should be and still may be adhered to before resort may be had to another.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs.