Jones, J.
 

 We hold that in this instance under a broad arbitration clause it is for the arbitrators, as one aspect of their consideration of the claim on its merits, to resolve questions of interpretation of the contract documents, on the outcome of which will depend whether there are requirements preliminary to the presentation of this claim to arbitration, and, if so, then to determine whether there has been such failure to meet those requirements as to preclude arbitration of the claim.
 

 The parties are engaged as the general contractor and the subcontractor for site preparation in the construction of a downtown wire center building for the New York Telephone Company in the City of New York. The subcontractor has demanded arbitration under the subcontract of a claim which it asserts against the general contractor. On this appeal issues are raised as to the interrelation and application of three separate provisions relating to arbitration; one is set forth in the subcontract and the other two are to be found in the general contract.
 

 The subcontract between the parties to the present proceeding contained its own broad arbitration clause providing that "[a]ll disputes, controversies or claims of any and all kinds which may arise out of, under or in relation to this Agreement, or the breach thereof * * * shall be submitted to and settled by arbitration” in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This clause contained no time limit or other prerequi
 
 *169
 
 site to the submission to arbitration.
 
 *
 
 The subcontract also contained a provision by which the subcontractor agreed to be bound to the contractor by the terms of the general contract and the contract documents and to assume toward the contractor all the obligations and responsibilities that the contractor assumed toward the owner. Elsewhere the provisions of the general contract were incorporated by reference.
 

 The general contract contained two arbitration clauses. There was a broad clause providing that "All claims, disputes and other matters * * * arising out of, or relating to” the general contract were to be decided by arbitration in accordance with the same rules of the American Arbitration Association. From the sweep of this clause were excepted certain disputes between the contractor and the owner relating to the progress of the work or the interpretation of the general contract. Such disputes were to be submitted initially to the architect, after which any unresolved issue was to be subject to arbitration, likewise before the American Arbitration Association, at the demand of either party. Notice of a demand for arbitration under the broad clause was to be submitted within a reasonable time after the claim arose.
 

 The subcontractor served a demand on the general contractor calling for arbitration under the provisions of the broad arbitration clause in the subcontract of a claim for the reasonable value of the work, labor and services performed and equipment and material furnished by the subcontractor. The claim was described as arising from breaches of the subcontract by the contractor and the owner and their interferences with the work of the subcontractor.
 

 The contractor thereupon instituted the present proceeding under CPLR 7503 (subd [b]) for a stay of arbitration, on the ground that the subcontractor had failed to comply with conditions precedent to arbitration expressly set forth in the general contract, to wit, that the claim had not first been referred to the architect and that no demand for arbitration had been made within a reasonable time after the claim arose. The subcontractor conceded that there had been no submis
 
 *170
 
 sion to the architect, but contended that there were no conditions precedent to the arbitration which it demanded under the subcontract. Special Term agreed with the subcontractor, and, although indicating that the demand for arbitration had not been first referred to the architect or filed within a reasonable time, concluded that the conditions precedent to arbitration under the general contract did not apply to arbitration under the subcontract. It therefore denied the application for a stay and granted the subcontractor’s cross motion to compel arbitration. The Appellate Division affirmed, one Justice dissenting, and the contractor has appealed as of right to our court. We now affirm the disposition at the Appellate Division, but on an analysis other than that adopted by the courts below.
 

 At the outset it should be observed that, as the case comes to us, the determination crucial to a disposition of this appeal is not the more familiar inquiry whether the party seeking arbitration has fulfilled conditions precedent to access to the arbitration process. As we have said, the issue of compliance with express conditions precedent to arbitration "is a question at least initially for the court, not the arbitrator”
 
 (Matter of Opan Realty Corp. v Pedrone,
 
 36 NY2d 943, 944;
 
 Matter of Raisler Corp. [New York City Housing Auth.],
 
 32 NY2d 274, 282;
 
 Matter of Rosenbaum [American Sur. Co. of NY],
 
 11 NY2d 310, 314).
 

 In this case, preliminary to consideration of whether the subcontractor has fulfilled the asserted prerequisites to arbitration, however, there is a prior question, not usually posed, which must first be resolved—i.e., whether there
 
 is
 
 a prerequisite to the submission of this claim to arbitration, namely, either a requirement of prior reference to the architect or one of reasonably timely demand for arbitration. Resolution of that question requires interpretation of the contract executed by the parties to this proceeding. Whereas in the usual case the existence of a condition precedent has been agreed to by the parties or is otherwise established, and their threshold dispute is as to performance of nonperformance of that condition (e.g.,
 
 Matter of Opan Realty Corp. v Pedrone,
 
 36 NY2d 943,
 
 supra; Matter of Rosenbaum [American Sur. Co.],
 
 11 NY2d 310,
 
 supra),
 
 here the threshold issue turns on the interrelation of differing provisions of their written agreements—specifically are the prerequisites to arbitration under
 
 *171
 
 either or both of the arbitration clauses of the general contract to be imported into the broad arbitration clause of the subcontract? Historically, issues of contract interpretation are precisely the type of dispute to be left to arbitration. As we said in
 
 Matter of Exercycle Corp. (Maratta)
 
 (9 NY2d 329, 336): "If the issue involved was solely one of construction or interpretation, it would, without a doubt, be for the arbitrators to decide.” (See, also,
 
 Matter of Dimson [Elghanayan]
 
 19 NY2d 316, 324;
 
 Matter of De Luca [MVAIC],
 
 17 NY2d 76, 80.)
 

 The principle that under a broad arbitration clause the interpretation of contract provisions is for the arbitrator has general application. Without intending to imply the existence of any special judicial rule, we note that the principle has peculiar pertinence to the interpretation of standardized sets of published forms (here those published by the American Institute of Architects) where it appears that all the forms contemplate arbitration as the normal forum for the resolution of all claims and disputes. Such forms often take on in the minds of the parties an operational existence, and it is appropriate that controversies be determined by those selected by the parties as familiar with such operational aspects. It may even be suggested that with respect to printed forms in widespread use the relatively limited,
 
 ad hoc
 
 significance which accompanies arbitration awards may be preferable to the more inflexible,
 
 stare decisis
 
 status which would attach to a judicial determination.
 

 In any event, we conclude that under the broad arbitration clause of their subcontract by which the contractor and subcontractor agreed to submit all disputes to arbitration, they agreed to submit questions of contract interpretation, and specifically those presently advanced by the contractor, to resolution by that forum. Thus, in the arbitration proceeding itself, in addition to contesting the subcontractor’s claim on the merits, it will be open to the general contractor there to advance the contentions it has thus far unsuccessfully urged in this special proceeding—that as a matter of interpretation the subcontract should be read to require that the prerequisites to arbitration of claims under the general contract be met with respect to arbitration of claims under the subcontract as well, and that in this instance the subcontractor has not met them.
 

 The order of the Appellate Division should be affirmed.
 

 
 *172
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs.
 

 *
 

 By a proviso in this clause it was agreed that any determination made by a court or in arbitration under the provisions of the general contract involving the interpretation or construction of the terms of the general contract or the manner or sufficiency of the work comprehended by the general contract would be determinative and conclusive of any dispute with reference thereto between the parties to the subcontract. No reliance is placed by either party on the existence of this proviso.