■ In the Matter of WESTINGHOUSE ELECTRIC CORPORATION, BUFFALO DIVISION, Appellant, v JAMES HIBBARD et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Respondent James Hibbard was a member of respondent Buffalo Section, Westinghouse Engineers Association (Association) in 1973 when he was discharged from his employment by petitioner. He was thus covered by a collective bargaining agreement in force at the time between the Association and petitioner. Acting through the Association and in accordance with the agreement, Hibbard filed a grievance which was processed and denied through the third step of the grievance procedure. Thereafter the Association requested arbitration of the dispute pursuant to section XI-A (subd A, par 19) of the agreement, asserting that Hibbard's discharge was imposed without just cause. Petitioner appeals from Special Term's denial of its application for a stay of arbitra-

tion (CPLR 7503, subd [b]). We deal initially with respondents' contention that Special Term erred in assuming jurisdiction over petitioner's claim that the respondents failed to comply with the procedural time limitations of the collective bargaining agreement. The arbitration clauses are set forth in section XI-A of the agreement. Subdivision C thereof provides as follows: "Within fifteen (15) days after receipt of a valid request for arbitration by the Company or the Association, representatives of the parties shall meet in an effort to reach mutual agreement on the arbitrator and on a statement of the question or questions to be submitted for arbitration as provided above. If the parties fail to reach such mutual agreement on the arbitrator, either party may, but only within ten (10) days following such meeting, request the American Arbitration Association to submit a list of names from the American Arbitration Association's Panels from which an arbitrator may be chosen." Where a collective bargaining agreement includes a broad arbitration clause, it is usually for the arbitrator to determine issues of limitations of time fixed in the agreement *(Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274; Arbitration—Waiver or Estoppel, Ann., 26 ALR3d 604, 615–620; cf. *Pearl St. Dev. Corp. v Conduit & Foundation Corp.*, 41 NY2d 167). In such circumstances there is a presumption of arbitrability of both procedural and substantive disputes arising under the agreement *(Steelworkers v American Mfg. Co.*, 363 US 564; *Steelworkers v Warrior & Gulf Co.*, 363 US 574; *Wiley & Sons v Livingston*, 376 US 543). Here, however, we do not have such a broad mandate for arbitration. The agreement specifically enumerates those disputes which shall be arbitrable (agreement, § XI-A, subd A), to the exclusion of all others "direct or collateral" (agreement, § XI-A, subd B) and even then, with stated exceptions, requires submission of the dispute in the first instance to the courts if either party asserts that an arbitrable issue has not been raised (agreement, § XI-A, subd F). The parties were free to write their arbitration clauses as broadly or as narrowly as they pleased. Since the parties have articulated those provisions of the agreement which shall be subject to arbitration, and have chosen to exclude the provision establishing the 10-day time limitation, the issue of whether the Association proceeded in a timely manner to seek arbitration of the dispute is properly for the court *(Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380, 385; cf. CPLR 7502, subd [b]; 7503, subd [b]). The record supports Special Term's finding that representatives of the parties did not "meet in an effort to reach mutual agreement" in accordance with subdivision C of section XI-A of the agreement. The court thus properly concluded that the 10-day time limitation provided for therein did not become effective. With respect to the substantive issue, the agreement provides that a discharge from employment is specifically arbitrable upon request of either party when the request for arbitration seeks relief from a discharge alleged to have been imposed without just cause (agreement, § XI-A, subd F; § XI-A, subd A, par 19). It is not disputed that the Association's request for arbitration seeks such relief and, indeed, petitioner's labor relations representative does not deny arbitrability of the discharge issue. Since it affirmatively appears that petitioner would not propose the name of an arbitrator, the matter should now proceed to arbitration in accordance with the terms of the agreement. (Appeal from order of Erie Supreme Court —arbitration.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.