■ In the Matter of DUTCHESS COMMUNITY COLLEGE et al., Appellants. RAND CONSTRUCTION Co., INC., Respondent.—In a proceeding to stay arbitration, petitioners appeal from an order of the Supreme Court, Dutchess County, dated March 1, 1976, which denied their motion to stay arbitration and granted respondent's cross motion, *inter alia,* to disqualify the architect as the arbitrator. Order reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing and a new determination of the motion and cross motion in accordance herewith. Paragraph C.03.02 (a) of the general conditions of the construction contract provides that "all questions or disputes relating to the execution and progress of the work and the Contractor's performance shall be determined or decided by the Architect." Paragraph C.04.8 (a) provides that "[a]ny dispute, claim, or question not included under the provisions of Paragraph C.03.2 for determination by the Architect * * * shall be submitted to arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining." The record raises issues as to whether the 28 "extra work" claims herein, as to which respondent demanded arbitration by the American Arbitration Association, were proper claims for determination by the architect. This depends upon whether (1) by custom and usage such matters are generally ruled upon by architects and (2) the claims are *in fact* not predicated upon the architect's own fault (cf. *Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.],* 27 NY2d 357, 360; see, also, Sweet, Legal Aspects of Architecture, Engineering and the Construction Process [1970], p 537). Petitioners, whose motion to stay arbitration was denied by Special Term, allege that the respondent contractor deliberately and improperly worded the extra work claims so that they would be based upon some involvement of the architect and that, by such ipse dixit, the respondent seeks to prevent the architect, by a claim of self-interest, from acting as the arbitrator. A hearing is required since the record is not clear as to the afore-mentioned two issues. We note that the architect is not disqualified from acting as the sole arbitrator even though he had been retained by the owner (see *Matter of Siegel [Lewis],* 40 NY2d 687). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.