Per Curiam.
 

 The parties, Walter A. Stanley & Son, Inc., and Trustees of Hackley School, entered into a contract under which Stanley agreed to construct a gymnasium for the school at Tarrytown, to be completed no later than December 1, 1973. Paragraph 14 of their agreement provided: "If any dispute or disagreement in connection with the performance of the work to be performed by the Builder [Stanley] shall arise, such dispute or disagreement shall be referred to arbitration by the American Arbitration Association.”
 

 Initially, Stanley served a demand for arbitration of its claim for damages incurred in performance under the contract by reason of "certain delays, interferences and other breaches of the contract” on the part of the school. Special Term denied an application by the school for a stay of arbitration and the Appellate Division affirmed (50 AD2d 608). The school then demanded arbitration of the counterclaims asserted by it against Stanley for damages allegedly arising out of Stanley’s failure to complete the work within the time prescribed in the contract and its failure properly to perform and manage the work under the contract, the damages "consisting,
 
 inter alia,
 
 of loss of use of the gymnasium for the 1973-1974 season, attendant loss of enrollment at the school, increased architect’s fees, increased operating costs, physical damage to prop
 
 *438
 
 erty, loss of interest, and other damages”. Involved on this appeal is Stanley’s application to stay the arbitration of the school’s counterclaims, based on the ground that the counterclaims were not arbitrable under the contract. Special Term granted the stay sought by Stanley but the Appellate Division reversed and directed the parties to proceed to arbitration. Stanley’s appeal is now before us as of right (CPLR 5601, subd [a], par [ii]).
 

 Although the arbitration provision in this contract is not a "broad arbitration clause”, in our view the Appellate Division properly concluded that the parties’ agreement to refer to arbitration "any dispute or disagreement in connection with the performance of the work” must be read as embracing the school’s counterclaims with respect both to the determination of the liability of Stanley and to the computation of damages. A reading of paragraph 12 of the agreement (relating to delays and extension of time) and of paragraph 13 (relating to changes in the work) supports the conclusion that the parties intended that the arbitration provision embrace the questions of damages now asserted by the school under its counterclaims.
 

 Because of a facial similarity in contract language and because of the extensive attention devoted to
 
 Matter of Marchant v Mead-Morrison Mfg. Co.
 
 (252 NY 284) in both briefs and oral argument, it is appropriate briefly to discuss that case and its relation to our decision in this case.
 

 We have elsewhere explicitly recognized "the fundamental principle that the resolution of disputes by arbitration is grounded in agreement of the parties”
 
 (County of Sullivan v Edward L. Nezelek, Inc.,
 
 42 NY2d 123, 128). The agreement of the parties may range from what is in effect a choice of forum, as under what has come to be called a "broad arbitration clause”, to an agreement to submit to arbitration only one or more discrete issues of fact in a complex commercial controversy (without reference to ultimate liability or to damages). Within that spectrum the agreement to arbitrate may be with reference to liability only, or to damages, or to both. Along still another axis the agreement may refer to arbitration a single controversy arising out of one transaction or all controversies which may arise during a period of the continuing relationship between the parties. In form the agreement to arbitrate may be drafted to specify what is to be included or it may be drawn to specify what is to be excluded. The critical
 
 *439
 
 issue is the scope of the parties’ own agreement; subject to constraints of statute and public policy, the range of their possible definitions is virtually unlimited.
 

 Our holding in the present case is no departure from the principle recognized and applied in
 
 Matter of Marchant v Mead-Morrison Mfg. Co.
 
 (252 NY 284,
 
 supra).
 
 In
 
 Marchant
 
 our court concluded that the parties had not agreed to submit the issue of consequential damages to arbitration. The crucial question was identified by the court there as that of determining the extent of the parties’ agreement. Judge Cardozo’s opinion is permeated with consideration of that issue:
 

 "Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention. A submission so phrased, or in form substantially equivalent, does not limit the authority of the arbitrators to an adjudication of the breach. It is authority to assess the damages against the party in default [citation omitted].
 

 "There is nothing in the law, however, that exacts a submission so sweepingly inclusive. The question is one of intention, to be ascertained by the same tests that are applied to contracts generally.” (252 NY, pp 298-299.)
 

 "We think there was no intention to clothe the arbitrators with power to settle every difference having its genesis in the contract. Their function was more modest.”
 
 (Id.,
 
 p 300.) Reference is next made to clauses then in current usage, and to the contemporary expectations of the trade as to the interpretation to be placed on particular arbitration clauses
 
 (id.,
 
 pp 301, 302). "It is not a question whether the damages awarded proceed from the default so directly and certainly that the plaintiff might have recovered them if he had been suing in the courts. The judgment of the arbitrators within the lines of the submission is not to be impeached for misconception of the law. It is rather a question whether the damages are of such a nature that arbitrators so commissioned may consider them at all.”
 
 (Id.,
 
 p 302.) The court then concluded that the award of damages made by the arbitrators was outside the scope of the issues which the parties had agreed to submit to them.
 

 It is the fundamental teaching of
 
 Marchant,
 
 continuing with undiminished vitality today, that the responsibility of judicial
 
 *440
 
 review is to determine what the contracting parties agreed should be submitted to the arbitrator for resolution. It is never conclusive that because certain words used in one context have a particular meaning, the same or similar words will necessarily have the same meaning in another context (3 Corbin, Contracts, § 535).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.