NEW YORK TELEPHONE COMPANY, Appellant, v SCHUMACHER & FORELLE, INC., Respondent.

First Department, December 20, 1977

## APPEARANCES OF COUNSEL

*Robert W. Gottlieb* of counsel (*Jeffrey L. Braun* with him on the brief; *Rosenman Colin Freund Lewis & Cohen,* attorneys), for appellant.

*Julius L. Schapira* of counsel (*Sayward Mazur* with him on the brief; *Max E. Greenberg, Trayman, Cantor, Reiss & Blasky,* attorneys), for respondent.

## OPINION OF THE COURT

CAPOZZOLI, J.

The relevant facts are not in dispute. This proceeding arises out of construction work performed for petitioner, New York Telephone Co. (NYT) at a building located at 4101 14th Avenue, Brooklyn, N. Y. Respondent, Schumacher & Forelle, Inc., (S & F) was the general contractor on that project.

Lorson Electric Contractors Corp. (Lorson) was an electrical subcontractor on the project.

The written agreement between S & F and NYT dated December 2, 1971 incorporated by reference a series of documents including "General Conditions of the Contract".

In 1975 Lorson sued NYT and S & F in Supreme Court, New York County, alleging that it was damaged as a result of undue and extraordinary delays caused by them. It claimed that as a result thereof the completion date of its work was extended from December 1, 1972 to May, 1975. Since the subcontract between Lorson and S & F provided for arbitration, S & F moved for and obtained a stay of the action pending commencement and completion of arbitration proceedings. The court by order and judgment filed on May 6, 1976 directed S & F to "expeditiously commence arbitration proceedings". On September 13, 1976, S & F served its demand for arbitration on Lorson and NYT, seeking "two alternative forms of relief" as follows:

"(1) relief in the nature of a declaratory award, declaring that respondent Lorson has no valid claims of any kind against claimant in connection with the said subcontract or the work performed on the aforementioned premises; and/or

"(2) relief in the nature of an award against the respondent Telephone Co., requiring said Telephone Co. to pay to Lorson, or to claimant for the use and benefit of Lorson, the amounts of such claims of Lorson, if any, as the arbitrators may find and determine to be valid."

NYT sought a stay of arbitration on the grounds that S & F had failed to first submit its claim to the project architect for decision prior to serving its arbitration demand, had failed to serve its demand within a reasonable time after the claims arose and that S & F's claims were barred by limitation of time. Special Term denied this application and NYT appeals to this court.

Article 2.2.7 of the General Conditions provides as follows: "2.2.7 Claims, disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time." The language quoted clearly applied to the disputes raised in this proceeding. In this connection it is noted that S

& F concedes that it did not refer these disputes to the architect in the first instance.

Article 2.2.10 of the General Conditions provides as follows:

"2.2.10 * * * *no demand for arbitration of any such claim, dispute or other matter may be made* until the earlier of:

"2.2.10.1 The date on which the Architect has rendered his written decision, or

".2 the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date".

The quoted articles of the General Conditions, to which reference has been made, clearly demonstrate that arbitration of any claim or dispute which has not been first submitted to the architect is not available. Special Term, in dismissing the petition of NYT, relied strongly on the case of *Pearl St. Dev. Corp. v Conduit & Foundation Corp.* (41 NY2d 167).

■ We are of the opinion that the factual situation in the cited case is to be distinguished from the factual situation presented in the case at bar. We agree with Special Term that the cited case is authority for the proposition that if conditions precedent to an arbitration are "undisputed or clearly established * * * the question is for the court, not the arbitrator".

Unlike the matter at bar, *Pearl Street (supra,* p 168) involved a dispute between a general and subcontractor and presented "issues * * * as to the interrelation and application of three separate provisions relating to arbitration; one is set forth in the subcontract and the other two * * * in the general contract".

In its opinion, the court said (p 170):

"At the outset it should be observed that, as the case comes to us, the determination crucial to a disposition of this appeal is not the more familiar inquiry whether the party seeking arbitration has fulfilled conditions precedent to access to the arbitration process. As we have said, the issue of compliance with express conditions precedent to arbitration 'is a question at least initially for the court, not the arbitrator.' * * *

"In this case, preliminary to consideration of whether the subcontractor has fulfilled the asserted prerequisites to arbitration, however, there is a prior question, not usually posed which must first be resolved—i.e., whether there *is* a prerequi-

site to the submission of this claim to arbitration, namely, either a requirement of prior reference to the architect or one of reasonably timely demand for arbitration. Resolution of that question requires interpretation of the contract executed by the parties to this proceeding. Whereas in the usual case the existence of a condition precedent has been agreed to by the parties or is otherwise established, and their threshold dispute is as to performance of *[sic]* nonperformance of that condition [citing cases], here the threshold issue turns on the interrelation of differing provisions of their written agreements—specifically are the prerequisites to arbitration under either or both of the arbitration clauses of the general contract to be imported into the broad arbitration clause of the subcontract? Historically, issues of contract interpretation are precisely the type of dispute to be left to arbitration. As we said in *Matter of Exercycle Corp. (Maratta)* (9 NY2d 329, 336): 'If the issue involved was solely one of construction or interpretation, it would, without a doubt, be for the arbitrators to decide.' [Citing cases.]"

This language makes clear that where the existence of a condition precedent has been agreed upon by the parties and is definitely established by the language in the agreement, the question is for the court. The reason why the court referred the matter to the arbitrator in the *Pearl Street* case is because the court found that the resolution of the issue as to whether there existed a condition precedent to arbitration depended "on the interrelation of differing provisions in their written agreements". That depended on the interpretation and construction of the agreements and the court concluded that this was the duty of the arbitrator. In this connection attention is called to the language of the court at page 171 of its opinion: "In any event, we conclude that under the broad arbitration clause of their subcontract by which the contractor and subcontractor agreed to submit all disputes to arbitration, they agreed to submit questions of contract interpretation * * * to resolution by that forum".

 There is no ambiguity in the agreement before us, on the contrary, there is an express limitation on arbitration, viz: initial submission of the contract to the architect. Since this was not done there was no compliance with that condition and the stay of arbitration should have been granted. Therefore, the determination of Special Term should be reversed, on the law, and stay of arbitration granted, with costs.

LUPIANO, J. P., SILVERMAN and LANE, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 16, 1977, unanimously reversed, on the law, vacated, the petition granted and arbitration stayed. Appellant shall recover of respondent $40 costs and disbursements of this appeal.