■ In the Matter of the Arbitration between HRH CONSTRUCTION CORPORATION, Respondent-Appellant, and BETHLEHEM STEEL CORPORATION, Appellant-Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered June 28, 1977, granting in part a motion for a stay of arbitration and granting in part the cross motion to compel arbitration, unanimously modified, on the law, to the extent of denying the motion to stay arbitration and granting, in all respects, the motion to compel arbitration and otherwise affirmed, without costs or disbursements. HRH Construction Corporation (HRH), the general contractor, and Bethlehem Steel Corporation (Bethlehem), the steel subcontractor, were engaged in a construction project for the erection of a building for Citibank (the owner). Bethlehem claimed a contract balance due to it, as well as additional charges for extra work and materials and damages for delay. It requested arbitration of its claim pursuant to the terms of its contract with HRH. The subcontract between HRH and Bethlehem consisted of a printed form with additional typed inserts and a 10-page rider. The rider described certain documents incorporated into the subcontract, including the "General Conditions of the Contract for Construction, AIA Document A-201, 12th Edition, April, 1970. Supplementary General Conditions consisting of 5 pages, dated March 19, 1974." These conditions contained a broad-form arbitration provision recommended by the American Arbitration Association, with certain deletions not relevant on this appeal. The printed form of the subcontract contained an

arbitration provision which noted that if a lawsuit were initiated by the owner against the contractor (HRH) for deficiency in a subcontractor's work, then the contractor and subcontractor would be bound by a decision rendered in that lawsuit. A lawsuit was instituted by Citibank against HRH for damages *after* the demand for arbitration had been served upon HRH by Bethlehem. HRH sought a stay of arbitration and permission for the litigation to proceed, claiming that it would otherwise be subject to possible inconsistent results. Bethlehem, in turn, sought to compel arbitration. Special Term allowed both the plenary suit and the arbitration to continue without defining the scope of the disputes to be decided in either forum. We would modify the determination of Special Term. In view of the fact that the broad arbitration clause in the prime contract was incorporated by reference in the subcontract, the question of which arbitration clause should be applied is a matter for the arbitrators to determine *(Pearl St. Dev. Corp. v Conduit & Foundation Corp.,* 41 NY2d 167). In this case, therefore, the propriety of continuing the lawsuit of the owner and of the underlying disputes themselves is a matter of contract interpretation which should properly be left for the arbitrators to determine. Concur—Murphy, P. J., Silverman, Evans, Lane and Sandler, JJ.