Cooke, J.
(dissenting). The order of the Appellate Division should be reversed and the judgment of the Supreme Court, Erie County, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, reinstated for the reasons set forth in the dissenting opinion of Mr. Justice Michael F. Dillon at the Appellate Division.
The necessarily wide latitude and broad discretion of nisi prius to control the scope of cross-examination with respect to defendant’s prior immoral, vicious or criminal acts as bearing upon his credibility (People v Schwartzman, 24 NY2d 241, 244, cert den 396 US 846), precluded the Appellate Division "in the absence of 'plain abuse and injustice’ * * * from substituting its judgment” for that of the trial court "and from making that difference of opinion, in the difficult and ineffable realm of discretion, a basis for reversal” (People v Sorge, 301 NY 198, 202; see, also, People v Sandoval, 34 NY2d 371, 375-376). Faced with defendant’s testimony that he did not engage in the illicit transaction for which he was charged, it was perfectly proper to permit cross-examination which was probative of defendant’s credibility (People Duffy, 36 NY2d 258, 262, cert den 423 US 861; cf. People v Wright, 41 NY2d 172, 175), especially when properly limited as here by pertinent instructions to the jury. The discretion of an appellate court should not be blithely substituted for that of a trial court where the record conclusively demonstrates that nisi prius exercised its discretion, not only without abuse as a matter of law, but with an acute awareness and recognition of the need to guarantee the defendant a fair trial.
Chief Judge Breitel and Judges Jones, Wachtler and *708 Fuchsberg concur in memorandum; Judge Cooke dissents and votes to reverse in a separate opinion in which Judges Jasen and Gabrielli concur.
Order affirmed.