■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO FIGUEROA, Appellant.—Judgment of conviction of criminal sale of a dangerous drug, Supreme Court, Bronx County, rendered December 15, 1975, reversed, as a matter of discretion in the interest of justice, and the case remanded for a new trial. Defendant-appellant testified in his own behalf, the defense being founded on harassment by police and, particularly, on a threat said to have been made by one of the assigned team of police officers to "get" him if he did not agree to become a police informant. His credibility as a witness was therefore of the greatest importance. It is urged upon us that extensive cross-examination on irrelevancies prejudiced him in the eyes of the jury. In response to a question as to whether he had ever seen heroin, defendant blurted out that the prosecutor knew he was a former addict.

Cross-examination on this subject, emphasizing defendant's former addiction and the details of ministration to it then went on for 10 pages of the trial record, far out of proportion to its relevance. "It is clear on the facts of this case * * * that the extensive cross-examination on prior drug possession charges was improper. Under the circumstances there was too great a danger that the evidence would tend to demonstrate a propensity to commit the very crime for which the defendant was on trial rather than to impeach his credibility (see *People v Wright*, 41 NY2d 172, 175; *People v Duffy*, 36 NY2d 258, 262 * * *; *People v Sandoval*, 34 NY2d 371, 377-378)." *People v Carmack*, 44 NY2d 706, 707.) This prejudicial examination, coupled with the prosecutor's impermissible vouching in summation for the honesty of the police officer, prejudiced defendant to the point where a new trial is required. Were we not reversing and remanding, we would vacate the sentence on the law as invalid and remand for resentence. The minutes of sentence reveal it to have been based upon an improper adjudication that defendant had a prior conviction (CPL 450.30, subd 1). That "prior conviction" was as a youthful offender, the adjudication of which is not a judgment of conviction (CPL 720.35, subd 1). Further, in fixing a minimum period of incarceration of three and one-half years, the court gave as a reason that defendant was "a menace to our children." There was no evidence to support this statement. Concur—Fein, Lane and Markewich, JJ.; Lupiano, J. P., dissents in the following memorandum: Defendant, convicted after a jury trial of criminal sale of a dangerous drug (heroin) in the third degree, occurring on August 14, 1973, does not dispute the sufficiency of the evidence against him, but argues that he was deprived of a fair trial. He contends: (1) that the prosecutor on cross-examination improperly inquired as to defendant's knowledge and use of heroin with a view toward demonstrating that defendant's prior acts relating to drugs warranted a conclusion that the crime charged was committed by defendant, (2) that the prosecutor on summation attempted to support the People's case by his own veracity and position and (3) the prosecutor's failure to produce the confidential informant was reversible error. After the People rested, defendant testified in his own defense that he had never been convicted of any crime, he did not deal with drugs and the alleged sale of heroin by him did not occur. On cross-examination the People inquired if defendant had ever seen heroin, the narcotic substance which was the basis of the charges against defendant. After answering this inquiry in the affirmative, defendant volunteered that he was an ex-addict. Accordingly, without objection, the People made a brief inquiry into defendant's past usage of drugs which elicited that defendant was formerly addicted in that he intermittently sniffed heroin until 1971, when he quit "cold turkey." Defendant also admitted that from time to time, before and after the alleged sale on August 14, 1973, he smoked marihuana. Perusal of the record discloses that the People's inquiry into defendant's past addiction initiated by defendant's voluntary admission of such addiction and the references to that addiction in People's summation were focused on the credibility of defendant and made without objection by defense counsel. Indeed, even if objection were made, the inquiry would be permissible if it had material probative value on the issue of defendant's credibility on the witness stand unless the admission of such evidence would be so prejudicial as to outweigh its probative worth on the issue of credibility. In this regard it should be noted that prior to his volunteered admission of prior drug addiction, defendant had testified to a lack of knowledge as to how heroin was packaged. Of course, past use of a narcotic does not constitute proof of a sale of such narcotic and no argument or inference to

this effect was advanced by the People. The circumstances herein are sufficiently different from *People v Carmack,* 52 AD2d 264, affd 44 NY2d 706 to render that case inapposite. In that case, despite an adverse *Sandoval* ruling which would permit inquiry into prior narcotic charges, defendant took the stand. The prosecutor's inquiry exceeded reasonable limits respecting the underlying circumstances of those charges. Despite some 20 pages of the record relating to cross-examination about the prior drug-related charges and defendant's drug habits, the prosecutor on re-cross-examination went further and reopened the subject with at-length questioning. The magnitude of that intensive effort mandated the conclusion that the intent of the questioning was to show from defendant's character or experience that he was predisposed to commit the crime for which he was on trial. This was patently improper. However, in the instant matter lack of good faith on the part of the prosecutor has not been demonstrated. Study of the record further discloses the following: That the People on summation did not vouch for the credibility of their witnesses and at no time did defense counsel object to any of the portions of this summation now cited as reversible error on appeal. The People were not obligated on this record to disclose the name of the confidential informant. Indeed, it appears that the informant was better known to defendant than to the People. Defendant did not call upon the People at any time to produce the informant and there is no basis to conclude that the informant's testimony was vital in this case (see *People v Goggins,* 34 NY2d 163, 169). However, on this record it does appear that the sentence of 3½ to 10 years is excessive. Accordingly, the judgment of the Supreme Court, Bronx County, rendered December 15, 1975, convicting defendant, after a jury trial, of criminal sale of a dangerous drug in the third degree should be modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of 10 years and otherwise affirmed.