OPINION OF THE COURT
 

 Jones, J.
 

 We hold that a provision in an otherwise broad arbitration clause that the determination of particular disputes in another judicial or arbitration proceeding shall be determinative and conclusive between the parties, does not limit the scope of arbitration but constitutes a directive as to how the dispute in question shall be resolved in arbitration.
 

 Petitioner in this proceeding for a stay of arbitration is the general contractor in the construction of the Citicorp Center, a commercial complex on Lexington Avenue in the City of New York, under a contract with the owner executed on April 2, 1974, subsequently superseded by a contract dated June 30, 1975. Respondent is the subcontractor for the fabrication and erection of structural steel for the project.
 

 When the parties were unable to resolve differences between them arising out of the subcontract, on March 7, 1977 the subcontractor filed a demand for arbitration with the American Arbitration Association of a "Claim for Contract Balances, Extra Work and Damages for Breach of Contract”, citing two
 
 *678
 
 arbitration provisions found in the contract documents. Principal reliance is placed on the arbitration provision found in section 5(cc) of the subcontract: "All disputes, controversies or claims of any and all kinds which may arise out of, under or in relation to this Agreement, or the breach thereof, except as hereinafter provided, shall be submitted to and settled by arbitration in the City of New York in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award may be entered in any court having jurisdiction thereof. Provided, however, and it is hereby expressly agreed, that any determination reached by any Court or any Board of Arbitration or authority duly constituted and appointed under and by virtue of the terms and provisions of the Contract between the Contractor and the Owner in any wise involving the interpretation or construction of the terms and provisions of said Contract or the Contract Documents and/or the manner or sufficiency of the performance of the work comprehended therein insofar as same may relate to or affect any part or portion of the work comprehended herein, and hereby undertaken to be done and performed by the Subcontractor, shall, with like force and effect, be determinative and conclusive of any controversy or dispute with reference thereto between the parties to this Agreement and in the event of any such action or proceeding brought against the Contractor by the Owner or the Owner’s successors or assigns, the Subcontractor may, at the option of the Contractor, be brought into such action or proceeding as a third-party defendant.” Reliance is also placed on a broad arbitration clause which appears in section 7.10.1
 
 [1]
 
 of the contract between the owner and the general contractor, which is said to have been incorporated in the subcontract by reference, and on the interrelation between these two arbitration provisions.
 

 On March 16, 1977, nine days after the subcontractor’s demand for arbitration, the owner commenced an action in
 
 *679
 
 Supreme Court against the general contractor for damages allegedly resulting from delays in the project occasioned by the subcontractor. Thereafter, on March 21, 1977, pursuant to the option granted in section 5(cc) of the subcontract the general contractor impleaded the subcontractor in the owner’s action. Within the statutory 20-day period the general contractor also instituted the present special proceeding to stay the arbitration previously demanded by the subcontractor, contending that the claims that the subcontractor sought to submit to arbitration involved the same "manner or sufficiency of the performance of the work” as formed the basis for the claims asserted by the owner in the legal action against the general contractor.
 
 [2]
 
 Relying on the terms of the proviso clause of section 5(cc) of the subcontract, the general contractor contended that, because of the identity of subject matter of the two sets of claims, the institution by the owner of the legal action operated,
 
 ipso facto,
 
 to remove the claims of the subcontractor against the general contractor to the extent of such identity from the reach of arbitration under section 5(cc).
 

 After the subcontractor had made a cross motion to compel arbitration Special Term granted an order staying arbitration "as to all matters which are the subject of the action heretofore instituted” by the owner and of the third-party action, directing that the subcontractor was entitled to arbitration of matters in dispute not involved in the pending action and third-party action and ordering that whether any particular matter arising in the litigation or arbitration is properly to be determined in one forum or the other should "be first determined by the forum in which the issue may first arise”. On cross appeals by the parties, the Appellate Division unanimously modified Special Term’s order, denying the motion to stay and granting the motion to compel arbitration in all respects.
 

 On appeal to this court by the general contractor, we now affirm that modification, albeit on an analysis which differs from that at the Appellate Division. Our determination is predicated on our conclusion that the proviso language of section 5(cc) of the subcontract is not, as the general contractor contends, to be interpreted as an exception to the otherwise broad arbitration provision contained in that section but
 
 *680
 
 rather constitutes a restriction on the award which may be made in the arbitration proceeding.
 

 At the outset we observe that while the contract provisions involved in the present case are the same as, and the contentions of the parties as to the interrelation of sections 5(cc) and 7.10.1 are similar to, those in
 
 Pearl St. Dev. Corp. v Conduit & Foundation Corp.
 
 (41 NY2d 167) — a decision paradoxically relied on by both parties as dispositive of the present case— the dispute between the parties here is quite different from that posed in
 
 Pearl St.
 
 The issue now before us turns, in our view, not on any interplay between sections 5(cc) and 7.10.1 but on the significance to be given the proviso clause in section 5(cc), on which neither party relied in
 
 Pearl St. (supra,
 
 p 169, n). Indeed it appears that the provisions of section 7.10.1 of the contract between the owner and the general contractor are irrelevant for the purposes of this litigation, and our disposition of the present appeal is in no way dependent thereon.
 

 We turn then to analysis of the proviso in section 5(cc) and of the interrelation between the different provisions of that section. It is the contention of the general contractor that the proviso clause, in particular because of the earlier phrase, "except as hereinafter provided”, must be understood as imposing a limitation on the scope of the questions to be arbitrated, in effect as excluding certain disputes from submission to arbitration. So to interpret the proviso would produce clumsy consequences which we cannot conclude that the draftsmen intended. Thus, what would initially be arbitrable would suddenly cease to be arbitrable in consequence of the institution of judicial or arbitration proceedings by a third party, the owner, producing an aberational result — arbitrability would then hinge on the act of one not a party to the controversy between the general contractor and the subcontractor. Beyond that, the timing of the third-party act might become significant, even determinative. Thus, what would be the consequence if the proceeding brought by the owner were not begun until after the expiration of the statutory 20 days within which an application for a stay of arbitration must be made (CPLR 7503, subd [c]), or, even later, after the arbitration hearings had begun? In another perspective would it be open to the general contractor to defeat the subcontractor’s right to arbitration by itself instituting an action against the owner? Had the parties intended such apparently bizarre
 
 *681
 
 results they could have chosen unmistakable language to prescribe it.
 

 It appears to us that the more natural and reasonable analysis of section 5(cc) is that the parties started out with the broad agreement that "all disputes, controversies or claims of any and all kinds which may arise out of, under or in relation to this agreement, or the breach thereof’ between them would be submitted for settlement in the arbitration forum. It was foreseeable, however, that identical issues arising out of the same fact complex might also arise in litigation or arbitration between the owner and the general contractor, raising the possibility of inconsistent determinations. To avoid that obviously undesirable result the parties laid down a directive to be followed in any arbitration proceeding; they agreed that in the event of such parallel proceedings results reached in the judicial or arbitration proceeding between the owner and general contractor would be determinative and conclusive in all arbitration proceedings between the general contractor and the subcontractor. In other words the exception phrase and the proviso are to be read together as meaning that all disputes are to be submitted to arbitration in the normal manner except that as to disputes which are also raised in proceedings between the owner and the general contractor, the results in the latter shall also determine the outcome in arbitration between the general contractor and the subcontractor. Perhaps to counter possible claims of unfairness, express provision was made for the general contractor to bring the subcontractor into the owner’s action or proceeding. Viewed in this light, the proviso clause establishes a reasonable means for bringing about a practical consistency in the results of two associated but otherwise potentially independent proceedings — at least, if the proceedings between the owner and the general contractor have been instituted prior to the termination of the arbitration proceeding and conceivably even if subsequently instituted.
 

 The appropriateness of this interpretation of the proviso portion of section 5(cc) is underscored when consideration is given to the means devised at Special Term in this case to give effect to the position advanced by the general contractor which that court adopted. It is apparent, as the parties concede, that some of the issues submitted to arbitration by the subcontractor lie outside the ambit of the owner’s action. Where that line is to be drawn, involving, as it undoubtedly
 
 *682
 
 will, interpretation of the terms of the contract between the general contractor and the subcontractor, would normally be left under a broad arbitration clause for resolution by the arbitrator (e.g.,
 
 Pearl St. Dev. Corp. v Conduit & Foundation Corp.,
 
 41 NY2d 167, 171,
 
 supra; Matter of Exercycle Corp. [Maratta],
 
 9 NY2d 329, 336). Special Term, however, directed that such issues should be "first” resolved in the forum in which each first arose, a result which scarcely could have been within the contemplation of either party to the contract.
 

 In sum, then, we conclude that the present case offers but another application of the basic principle that arbitration is a creature of contract, yielding to agreement which the parties may conclude
 
 (Stanley & Son v Trustees of Hackley School,
 
 42 NY2d 436, 438-439; cf.
 
 Matter of American Ins. Co. [Messinger
 
 — Aetna
 
 Cas. & Sur. Co.],
 
 43 NY2d 184, 193-194). It has long been recognized that by agreement the parties may determine the procedures to be followed in arbitration, e.g., by express adoption of the rules of the American Arbitration Association or of other specified rules. In this instance they agreed as to the substantive rule on the basis of which the award was to be made in their arbitration proceedings in a limited class of disputes. So long as their agreement does not transgress a provision of statute or run afoul of public policy it must be accorded full recognition.
 

 Accordingly, for the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Jasen, Gabeielli, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . "7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.”
 

 [2]
 

 . The owner’s claims against the general contractor are predicated on the latter’s agreement to be responsible for acts and omissions of its subcontractors.