■ ROBERT R. COOPER et al., Appellants, v ATELIERS DE LA MOTOBECANE, S. A., Respondent.—Judgment (denominated order), Supreme Court, New York County, entered November 22, 1978, dismissing petition for a stay of arbitration, is unanimously reversed, on the law, and petitioners' application for a permanent stay of arbitration is granted and the arbitration is stayed, with costs to petitioners-appellants. A shareholders agreement between the parties involving the formation of a New York corporation (hereinafter Motobecane America) contained a general arbitration clause providing for arbitration in Zurich, Switzerland. The agreement contained a provision whereby any stockholder other than respondent Ateliers de la Motobecane, S. A. (hereinafter French Motobecane) could sell its shares to French Motobecane and Motobecane America by giving written notice of its intention to do so. The price would be determined as provided for in Exhibit F to the agreement. Exhibit F contained a formula for determining the price, but also contained a provision for arbitration in the event that either of the parties believed the formula did not give proper weight to known adverse or favorable factors. In such case, the party who did not wish to proceed by the formula was required to give written notice demanding arbitration within ten days after the giving of the notice by the proposed seller of his desire to sell. Petitioners gave notice of their desire to sell by mail on April 13, 1978. Respondent French Motobecane did not within 10 days demand arbitration. Instead, on April 21, 1978, respondent

French Motobecane wrote stating that it lacked "certain important information which would enable us to determine whether or not the use of the formula will lead to an equitable valuation of the company's Shares. While awaiting this additional information, we must reserve our rights to have recourse to arbitration for the determination of the value." Discussions apparently ensued between the parties and on June 30, 1978 French Motobecane wrote saying, "Unless the friendly discussions which are presently taking place do result in an agreement on such price, we are compelled to demand arbitration under Exhibit F of the Agreement." Not until September 1, 1978 did French Motobecane unequivocally demand arbitration. In our view, neither the reservation of the right to arbitration on April 21, 1978 nor the conditional demand for arbitration on June 30, 1978 constituted "written notice demanding arbitration" within the meaning of Exhibit F. Nor do we think that the fact that the parties negotiated as to price thereafter constituted a waiver of the requirement that written notice demanding arbitration be given within 10 days. In our view also this 10 days is a condition precedent to arbitration under Exhibit F, and thus whether it was complied with is a matter for the courts to determine. (See, e.g., *Matter of Opan Realty Corp. v Pedrone,* 36 NY2d 943, 944.) Nor do we think that the presence of the general arbitration clause without a 10-day limitation period in the main agreement requires that this question be left to the arbitrators. Although Exhibit F provides for an arbitration pursuant to the terms of the main agreement, it imposes the additional condition precedent of the demand for arbitration within 10 days with respect to issues under Exhibit F. The arbitration demanded here is clearly limited to the issues covered by Exhibit F, the purchase price of the shares. Although the agreement provides for arbitration in Zurich, we think the New York courts may properly pass on this issue. As to the objection of *forum non conveniens,* it appears that petitioners are an individual residing in New York and a New York corporation; the dispute relates to the purchase of stock in a New York corporation and arises under an agreement for the formation of a New York corporation and governing the relations of the shareholders to that corporation; and the main agreement itself provides that the agreement shall be construed in accordance with the laws of the State of New York. Further, Exhibit F in prescribing the rate of interest refers to the prime rate charged by the First National City Bank of New York. For much the same reasons, we think that at least as to disputes arising under this agreement, respondent French Motobecane was subject to in personam jurisdiction of the New York courts under the long-arm statute (CPLR 302, subd a, par 1). Concur—Sullivan, J. P., Lane, Markewich, Silverman and Bloom, JJ.