■ In the Matter of the Arbitration between COUNTY OF ROCKLAND, Appellant, and PRIMIANO CONSTRUCTION CO., INC., Respondent.—In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Rockland County, entered January 30, 1979, which (1)

denied the petition and (2) granted the respondent's cross motion to compel arbitration. Judgment reversed, on the law, cross motion denied, and petition for stay of arbitration granted, without costs or disbursements. On September 20, 1978 respondent Primiano Construction Co., Inc. (Primiano) demanded arbitration on certain claims allegedly arising under a contract between it and the County of Rockland concerning delay caused by the county and the payment of the final contract balance and retainage. The county instituted this proceeding to stay arbitration on the ground, among others, that Primiano did not comply with the contractual provisions relating to the arbitration of disputes. The contract provides that: "All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." The contract also provides that: "The Architect will be, in the first instance, the interpreter of the requirements of the Contract Documents and the judge of the performance thereunder by both the Owner and Contractor. The Architect will, within a reasonable time, render such interpretations as he may deem necessary for the proper execution or progress of the Work. Claims, disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time." The contract further provides that any claim, dispute or other matter that has been referred to the architect is not subject to arbitration until the tenth day after the evidence has been presented by the parties to the architect. It is undisputed that Primiano's claims of September 20, 1978 were never presented to the architect. Whether a party seeking arbitration has complied with conditions precedent to arbitration under a contract is a question to be determined by the court (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 364; *Pearl St. Dev. Corp. v Conduit & Foundation Corp.*, 41 NY2d 167, 170; *New York Tel. Co. v Schumacher & Forelle*, 60 AD2d 151, 153). Reading the contractual provisions together, as we must, we find that the submission of the dispute relating to delays and breach of contract was required first to be made to the architect. We note that the record is barren of any showing of fault on the part of the architect contributing to delays (cf. *Matter of Dutchess Community Coll. [Rand Constr. Co.]*, 57 AD2d 555). Since Primiano did not comply with the condition precedent to arbitration, the judgment granting arbitration must be reversed and a stay of arbitration issued. Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.