■ MARIO & DI BONO PLASTERING CO., INC., Appellant, v RIVERGATE CORPORATION, Respondent. MARIO & DI BONO PLASTERING CO., INC., Plaintiff, v RIVERGATE CORPORATION et al., Defendants.

Defendant-respondent, the Rivergate Corporation (defendant), was the general contractor for the construction of a residential apartment building at 401-429 East 34th Street in Manhattan. In connection therewith, defendant entered into a general contractor-subcontractor agreement with plaintiff, Mario & Di Bono Plastering Co., Inc., on August 25, 1983, for various services, including the installation of several hundred kitchen cabinets.

Article 10.0, subparagraph 10.1.1 of the agreement provided that "[a]ny claim, dispute or other matter in question between the Subcontractor and the General Contractor" was to be "first submitted by the claiming party * * * in writing to the Architect". The agreement did not specify how the expertise of the architect was to be utilized in the dispute resolution process.

During the course of the project, several disputes arose

between the parties. However, neither plaintiff nor defendant filed notices of claim pursuant to the architect provision, and the matters were instead addressed at meetings and in correspondence between the parties.

In July 1984, unassembled kitchen cabinets, which had been manufactured by nonunion labor, were delivered to plaintiff for assembling, resizing, and installation. Because this use of nonunion material, which had been ordered by the general contractor, violated plaintiff's contract with its carpenter union, there was a work stoppage by the defendant union's members, paralyzing plaintiff's work from July through August 1984. Plaintiff alleges that this labor problem was ultimately resolved through a secret agreement among the union, the project owner, and the general contractor, which agreement deprived plaintiff of work it had contracted to perform and delayed plaintiff's completion of the job, causing plaintiff unanticipated expenses.

Throughout the course of the labor problem involving the defendant union, and the dispute which subsequently developed between plaintiff subcontractor and defendant general contractor regarding which was to be responsible for the additional costs, none of the parties involved sought resolution through the architect's provision of the agreement. Unable to recoup its claimed losses, plaintiff filed a mechanic's lien in April 1986, and, in July 1986, commenced the within action. Defendants moved to dismiss pursuant to CPLR 3211 asserting, *inter alia,* that plaintiff had waived its claims by failing to first submit them to the architect. Based upon this ground, the lower court granted the motion to dismiss the complaint with respect to the general contractor.

We now reverse and reinstate the complaint. A careful reading of the applicable sections of the agreement establishes that although its terms require submission of a claim to the architect, there is no clear indication that this is a necessary prerequisite to the commencement of litigation. Unlike *New York Tel. Co. v Schumacher & Forelle* (60 AD2d 151, 154), relied upon by defendant, we cannot say here that "[t]here is no ambiguity in the agreement before us * * * there is an express limitation on arbitration, viz: initial submission of the contract to the architect". There, the contract specified that

" 'no demand for arbitration of any * * * claim, dispute or other matter may be made until the earlier of * * *

" '[t]he date on which the Architect has rendered his written decision, or * * *

" 'the tenth day after the parties have presented their evidence to the Architect' " *(supra,* at 153).

In the absence of such a clear, express and unequivocal condition precedent, we decline to hold that plaintiff has waived its right to a day in court to litigate its claims against the general contractor, particularly since the provision for submission to the architect is, at best, a mediation—and not an arbitration—process. We note, in this context, the well-established rule that ambiguity in contractual terms will be resolved against the draftsman, here, the defendant. *(67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245.) Concur—Kupferman, J. P., Ross, Asch, Kassal and Ellerin, JJ.