*99 OPINION OF THE COURT
Herman Cahn, J.
This motion raises the issue of whether an amendment to the National Association of Securities Dealers (NASD) Code of Arbitration Procedure, effectively barring waivers of the right to arbitrate, such as are involved herein, has retroactive effect. Two Justices of this court have arrived at conflicting results: Wolf & Co. v Egan (NYLJ, Feb. 15, 1994, at 24, col 6 [Solomon, J.], finding the clause had retroactive effect), and Wolf & Co. v Carter (NYLJ, Feb. 15, 1994, at 24, col 2 [Shainswit, J.], finding the clause had no retroactive effect).
The undersigned finds the clause has no retroactive effect, and denies the motion to compel arbitration.
Defendant moves pursuant to (1) CPLR 7503 (a) and the Federal Arbitration Act (9 USC § 1 et seq.) (FAA) to stay this action and compel arbitration; and (2) 22 NYCRR 130-1.1 for an award of attorney’s fees and expenses.
Plaintiff cross-moves, pursuant to CPLR 7503 (c), for an order permanently staying the arbitration.
From December 13, 1988 until February 6, 1993, defendant was employed as a sales representative by plaintiff, a broker-dealer registered with the Securities and Exchange Commission (SEC).
The terms of defendant’s employment are contained in the "Sales Representative Association Agreement” executed by the parties on December 13, 1988 (the employment agreement). As customary in the securities industry, defendant also executed the standard Form U-4 "Uniform Application for Security Industry Registration” on December 13, 1988, thereby declaring his registration with the NASD, an organization in which plaintiff is a member.
Subsequent to the termination of defendant’s employment on February 6, 1993, plaintiff instituted this action seeking to recover damages based on defendant’s alleged breach of the employment agreement, tortious interference with contract and plaintiff’s business relations, misappropriation of trade secrets, libel and slander, and unfair competition. Plaintiff additionally seeks injunctive relief enjoining further violations of the employment agreement.
In support of the application to compel arbitration, defendant contends that plaintiff is required to arbitrate these claims based on provisions in the Form U-4 whereby the *100 parties agreed to arbitrate "any dispute, claim or controversy that may arise between the employee and [the] firm * * * that is required to be arbitrated under the rules, constitutions or by laws of the NASD.” Defendant asserts that the NASD Code of Arbitration Procedure, part II, § 8 (a) requires that disputes and controversies between "member organizations,” like plaintiff,[1] and "associated persons,” like defendant,[2] arising out of the employment of, or termination of employment of, an associated person be arbitrated. Defendant asserts that as it has been judicially established that this provision constitutes a valid agreement to arbitrate, there is a sufficient basis to compel arbitration.
Plaintiff, however, counters that defendant is bound by the waiver of arbitration provided in his employment agreement. Pursuant to that agreement, the sales representative "waive[d] all rights to arbitration which may be provided by any federal, state or self regulatory organization rule or regulation for the resolution of any dispute arising out of his contract or the termination thereof, including but not limited to, the NASD Manual-Code of Arbitration Procedure Sec. 8.”
Defendant argues that an October 1, 1993 amendment to the NASD Code of Arbitration Procedure (the NASD Code) codified the previously articulated policy of the NASD Board of Governors that employment disputes be subject to arbitration (see, Farrand v Lutheran Bhd., 993 F2d 1253, 1254 [7th Cir 1993], reh denied 993 F2d 1255 [7th Cir 1993]). The amendment incorporates the sentiment of the NASD Board of Governors that a waiver of arbitration is "inconsistent with just and equitable principles of trade and a violation of Article III, Section I of the [NASD] Rules of Fair Practice.” Defendant contends that the amendment alters the contract between members and their employees as to require arbitration in the event the NASD rules as referenced in the Form U-4 executed by defendant are the only evidence of an arbitration agreement.
Plaintiff challenges defendant’s premise that an arbitration agreement exists between the parties. In the first instance, plaintiff states that it has been established as a matter of Federal law that the NASD Code in effect throughout the period of defendant’s employment, and on the date he purport *101 edly commenced the arbitration, did not provide for arbitration of employment-related disputes between member firms and associated persons. Moreover, plaintiff contends that as of the date its claim against defendant matured, and the action was started, the NASD Code invests it with the power to "seek a resolution of the dispute without arbitration.”
Plaintiff maintains that the waiver of arbitration executed by the defendant as part of the employment agreement is valid since arbitration was not mandated by the NASD Code at the time the employment agreement was executed or on the date defendant purportedly demanded arbitration. Plaintiff asserts that the October 1, 1993 NASD Code amendment requiring that members and associated persons arbitrate employment disputes is not applicable retroactively.
DISCUSSION
The parties to an arbitration agreement must express a clear and unequivocal intent to arbitrate, otherwise neither party may be compelled to arbitrate. (Matter of Marlene Indus. Corp. [Cornac Textiles], 45 NY2d 327, 333-334; Matter of Waldron v Goddess, 61 NY2d 181, 183-184.) The Form U-4 registration executed by defendant embodies a commitment to arbitrate any disputed claim "that is required to be arbitrated under the rules, constitutions, or by laws of the organizations” with which defendant is registered. When he commenced employment with plaintiff, defendant was registered with NASD. Therefore, whether disputes between the member-employer and employee are subject to arbitration turns on whether the rules of the NASD dictate arbitration.
For the duration of defendant’s tenure with plaintiff, the NASD Code of Arbitration Procedure did not mandate that employment disputes between the member and its employee be arbitrated. (Farrand v Lutheran Bhd., supra, at 1254; Wolf & Co. v Franek, NYLJ, Feb. 15, 1994, at 24, col 5 [Sup Ct, NY County, Schlesinger, J.]; Wolf & Co. v Carter, supra.) Not until the enactment of the October 1993 amendment did the NASD Code of Arbitration Procedure mandate that claims arising from employment be arbitrated. Absent an explicit provision that such amendment be applied retroactively, it is only to be given prospective effect. (See, In re Crazy Eddie Sec. Litig. v Peat Marwick Main & Co., 802 F Supp 804, 810; Muh v Risher, 38 NY2d 441, 444; Matter of Roman Catholic Diocese v New York State Dept. of Health, 109 AD2d 140; Wolf & Co. v *102 Carter, supra.) Therefore, the amended provisions of the NASD Code of Arbitration Procedure do not grant defendant the right to compel arbitration of this dispute.
This court does not agree with the conclusion reached in Wolf & Co. v Egan (supra) that the amendment should be applied retroactively to vitiate defendant’s waiver, reasoning that the "amendment alters only the forum for resolving the dispute, and does not change the parties’ substantive rights” (NYU, Feb. 15, 1994, at 25, col 1). Arbitration is a creature of contract law and by its very nature implicates the substantive rights of parties who agree to arbitrate their disputes. (Matter of HRH Constr. Corp. [Bethlehem Steel Corp.], 45 NY2d 675, 682; Stanley & Son v Trustees of Hackley School, 42 NY2d 436, 438.) The contrary finding propounded in Egan (supra) would reduce the arbitration agreement to a mere forum selection clause, overlooking the fact that by agreeing to arbitrate, parties forfeit important substantive legal rights to resort to a judicial forum to resolve their disputes and to appeal unfavorable results. (Matter of Marlene Indus. Corp. [Cornac Textiles] supra, at 333-334; Gangel v N. DeGroot, PVBA, 41 NY2d 840, 841.)
Thus, the court finds that defendant’s contractual waiver of "all rights to arbitration * * * including * * * the NASD Manual Code of Arbitration Procedure Sec. 8” is enforceable. At the time defendant executed the employment agreement, there was no statutory mandate directing arbitration. The agreement not to arbitrate does not offend any public policy (Sherrill v Grayco Bldrs., 64 NY2d 261, 272; Matter of City of Yonkers v Cassidy, 44 NY2d 784, 785).
Accordingly, the motion is denied. If a demand for arbitration has been filed (as to which there is some question), the cross motion to stay such proceeding is granted.

. Plaintiff is a member based on its registration with the SEC.

. A sales representative is considered to be an associated person. (15 USC § 78c [c] [21]; NASD By-Laws, art I [m].)