Harold Baer, J.
Petitioner seeks to stay arbitration demanded by respondent on behalf of Sandra Davis and Luis Rodriquez-Abad (CPLR 7503, subd. [e]). Two separate petitions are considered together as they involve similar issues and the same articles of the collective bargaining agreement.
Both grievants demanded arbitration with respect to their nonreappointment to the instructional staff of CUNY (Hunter *298 College). If reappointed, tenure would have been conferred (Education Law, § 6206). They filed for arbitration pursuant to an agreement between petitioner and respondent. Their grievance, in each case, alleged, among other things, that they were discriminated against in violation of article 8 of the agreement.
The petitioner refused to process the grievances through the second step of a three-step procedure of the collective bargaining agreement (art. 20, § 20.4). The reason for such refusal in the case of Professor Davis was that she was a party plaintiff in the case of Melanie v. Baard of Higher Educ. of City of N. Y. (U. S. Dist. Ct., S. D. N. Y., 73 Civ. 5434). In that case Davis alleged the same nonreappointment and the same facts which are the basis for the grievance for arbitration but seeks relief under the Civil Rights Act (title VII of the Civil Rights Act of 1964, U. S. Code, tit. 42, § 2000e et seq.), contending that non-reappointment was the product of discrimination on the basis of sex.
In the case of Professor Rodriquez-Abad, the reason for refusal to process the grievance was that he had filed a verified complaint with the New York 'State Division of Human Rights, alleging that the very same facts, the basis for the grievance for arbitration, was a violation of ¡section 296 of the Executive Law, in that it was discrimination on the basis of national origin. Both refusals were based 'on section 20.7 of article 20 of the agreement. Two sections of 'the collective bargaining agreement are relevant and essential to the determination of the dispute between the parties and are ¡set forth in full:
‘ ‘ 20.7 DupUcatwe Proceedings:
1‘ A grievance alleging a violation of Article VIII shall not be processed under ¡this Agreement on behalf of any employee who files or prosecutes, or permits to be filed or prosecuted on his behalf in any court or ¡governmental agency, ,a claim, complaint or suit, complaining of the action grieved, under applicable federal, state or municipal law or regulation.”
‘ ‘ ARTICLE 8
NON-DISCRIMIHATION
“ 8.1 Neither the Board nor the Union will interfere with, restrain or coerce the employees covered by this Agreement because of membership in or non-membership in or lawful activity on behalf of the Union. Neither the Board nor the Union will discriminate in respect to hire, tenure of employment or any *299 terms or conditions of employment of any employees covered by this Agreement because of sex, race, national origin, religion, political belief or membership in, or lawful activity on behalf of ithe Union. The Board and the Union .shall comply with applicable provisions of federal, state and municipal laws and ordinances in respect of discrimination in employment because of age.”
The respondent relies on Alexander v. Gardner-Denver Co. (415 U. S. 36 [revg. the Cir. Ct. and Dist. Ot.]), to support their contention that grievants are entitled to both arbitration under the agreement for redress of a contractual right and resort to the courts or an administrative agency for redress of a statutory right.
In Alexander v. Gardner-Denver Co. (supra), after the arbitrator ruled that the petitioner’s discharge was for cause and that there was no reasonable ground on which to base a violation of title VII of the .'Civil Rights Act of 1964, the petitioner (grievant) filed an action in the United States District ¡Court (Colorado). ¡Summary judgment for the employer affirmed by the Circuit Court of Appeals was reversed by the ¡Supreme Court. The decision declared the statutory right of ,an employee to a trial de novo under title VII, and that such right could not be foreclosed by .the decision of the arbitrator .under the nondiscrimination clause of a collective bargaining agreement.
The respondent also relies on a recent decision by the Board of Collective Bargaining (Matter of City of New York v. District Council 37, AFSCME, AFL-CIO, decision N P. B-9-74, docket No. BCB-173-74) wherein it was held that a required waiver of 'the grievant to submit the dispute to another administrative agency or the courts ¡as a condition fo.r arbitration under the city-wide collective bargaining agreement (§ 1173-8.0 [d]) was void and contrary to public policy, citing Alexander v. Gardner-Denver (supra). The board quoted from that case:
“In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right .under a collective-bargaining agreement. By .contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual ¡occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively 'appropriate forums. * * *
“ We think it clear that there can be no prospective waiver of an employee’s rights under Title VII * * * Of necessity, *300 the rights conferred can form no part of the collective bargaining process since ¡wiaiver of these rights ¡would defeat the paramount congressional .purpose behind Title VII. . In these circumstances, an employee’s rights under Title VII are not susceptible to prospective waiver. See Wilke v. Swan. 346 U. S. 427.(1958).”
We agree ¡with .the principle of both of these decisions. The Alexánder case (supra) holds that arbitration, ordinarily final, does not ¡bar resort to the courts, in title VII .(civil rights) cases. It also draws a distinction ¡between contractual rights and statutory rights. In the case at bar the contract (§ 20.7) bars arbitration in discrimination .cases (art. 8 of agreement) if the grievant files o,r prosecutes a claim in any court or governmental agency. Such clause does not bar resort rbo the courts but seeks to avoid duplication.. .There is no contractual right to arbitrate if the grievant processes the claim before a governmental agency or the courts. The statutory right is protected. In fact, it would be useless to proceed to arbitration under these circumstances when under Alexander (supra) the courts are a superior forum for title VII litigation. The governmental agency and the courts are not bound by the .arbitration award.
While there can be no prospective waiver of an employee’s rights under title VII, a union may waive certain rights related to collective activity (Alexander v. Gardiner-Denver Co., supra, pp. 51-52). The right to strike and other rights may be waived to foster the process of bargaining and. to obtain economic benefits for members. It follows that the right to arbitrate discrimination grievances under article 8 of this agreement was waived (art. 20, § 20.7) if the union member chose to proceed under ¡tifie VTI before a court or other governmental agency. The parties have the right to exclude certain issues from arbitration (Matter of Howard & Co. v. Daley, 27 N Y 2d 285; cf. Atkinson v. Sinclair Refining Co., 370 U. S. 238, with Drake Bakeries v. Bakery Workers, .370 U. S. 254). The exception provided by section 20.7 'of the instant agreement violates no statutory right and is enforceable..
Waiving of the .right to arbitrate, upon choice .of a ¡superior forum is implicit in this contract. The arbitrator is confined to the interpretation and application of the collective bargaining agreement. An arbital decision may not be based solely on the arbitrators’ view of enacted legislation hut rather, on the interpretation .of the collective bargaining agreement. The agreement is clear and section 120.7 is valid. The .arbitrator would have no choice but to defer to the superior authority *301 (Alexander v. Gardner-Denver, supra, pp. 53-54; Steelworkers v. Enterprise Corp., 363 U. S. 693, 597).
The petition .is granted to the extent that the discrimination claim before 'the arbitrators is stayed. The remaining .claims of the grievants 'are to be processed expeditiously to arbitration.