■ In the Matter of WERTHEIM & Co., INC., Respondent, v NORA L. HALPERT, Appellant.—Judgment (denominated an order), Supreme Court, New York County, entered on November 4, 1977, granting application of petitioner to compel arbitration of a dispute, reversed, on the law and vacated, with $50 costs and disbursements of this appeal to appellant, and the motion to compel arbitration denied. Respondent had been employed by the petitioner (a member of the New York Stock Exchange—NYSE) as a registered representative engaged in block trading for institutional accounts from March, 1975 until April 5, 1977, when petitioner unilaterally terminated her employment. On April 21, 1977, respondent filed a complaint with the New York City Commission on Human Rights charging petitioner with discriminating against her because of her sex in violation of the New York City Human Rights Law, section B1-7.0 *et seq.* of the Administrative Code of the City of New York. Thereafter, on May 10, 1977, respondent filed a complaint with the Federal Equal Employment Opportunity Commission (EEOC) charging Wertheim with discriminating against her because of her sex in violation of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e *et seq.).* On June 27, 1977, some two months after the filing of discrimination charges against it, petitioner, in a letter to the NYSE, requested arbitration pursuant to a Stock Exchange Form U-4, executed by both parties when respondent began her employment and which form provides for arbitration of any controversy arising out of employment. In its statement of claim petitioner alluded to respondent's allegation that she had been terminated because of "an improper motivation and demanded in consequence punitive and compensatory damages as well as attorneys' fees and costs." Advised by respondent's attorneys of the pendency of administrative proceedings, the NYSE did not assert jurisdiction over the claim, and petitioner moved to compel arbitration. Thereafter, on December 7, 1977, following the order

here appealed from, respondent received from the EEOC a notice of right to sue, entitling her to institute a civil action against petitioner in the Southern District. Respondent thereupon withdrew the complaint she had filed with the City Commission on Human Rights and filed her Federal summons and complaint charging petitioner with illegal discrimination. Special Term agreed in its opinion that the enforcement of the broad policy objectives underlying title 7 of the Civil Rights Act and the comparable provisions of the Administrative Code of the City of New York were the province of the courts and had not been left for disposition in arbitrable forums. Special Term further concluded that the proposed arbitration could not deprive respondent of her recourse to administrative and judicial remedies. However, it was perceived that petitioner had claimed improper acts by respondent in her allegations of unlawful discrimination that had caused petitioner to suffer damage and as to which petitioner was entitled to a forum in which it might appropriately press its claim. We disagree with this analysis. The issue here seems to us analogous to that addressed in *Matter of Aimcee Wholesale Corp. (Tomar Prods.)* (21 NY2d 621). In *Aimcee* a party to an arbitration agreement sought to arbitrate the claim that there had been a discriminatory price reduction in violation of the Donnelly Act. Concluding that the motion to stay arbitration of such a claim should have been granted, the Court of Appeals said (p 624): "The enforcement of our State's antitrust policy cannot be left to commercial arbitration, which * * * is not a fit instrument for the determination of antitrust controversies of such extreme importance to all people of this State." We do not consider the public policies underlying title 7 of the Civil Rights Act, (US Code, tit 42, § 2000e *et seq.)* and title B of chapter 1 of the Administrative Code of the City of New York to be less important than those involved in *Aimcee.* Moreover, the claim set forth in petitioner's application for arbitration is palpably retaliatory in character and directly contradicts the proscription of such conduct embodied in subdivision 7 of section B1-7.0 of the Administrative Code and title 42 (§ 2000e, subd 3, par [a]) of the United States Code. *Alexander v Gardner-Denver Co.* (415 US 36), relied upon by petitioner, is in no way contrary to the conclusions here reached. The Supreme Court there held that an employee was not barred from commencing a title 7 action because of a prior adverse adjudication to him of the same claim in an arbitration he initiated. Significantly, *the court noted (p 54)* that "Title VII does not provide employers with a cause of action against employees. An employer cannot be the victim of discriminatory employment practices." Nothing in *Alexander* provides support for the view that an employee who has lawfully undertaken to utilize administrative and judicial remedies with regard to discrimination may be compelled to litigate that very issue in arbitration. Concur—Birns, Silverman and Sandler, JJ.; Kupferman, J. P., dissents and would affirm on the opinion of M. Evans, J., at Special Term.