■ In the Matter of the Arbitration between TODD SHIPYARDS CORPORATION, Appellant-Respondent, and MARINE VESSEL LEASING CORPORATION et al., Respondents-Appellants.—Order and judgment (one paper) entered August 26, 1977 and order entered September 20, 1977, Supreme Court, New York County, denying stay of arbitration and directing the parties to proceed to arbitration as to claims by respondent Marine Vessel Leasing Corporation against petitioner Todd Shipyards Corporation, and staying arbitration between petitioner Todd Shipyards and respondent Marine Ship Leasing Corporation, are unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered April 28, 1978, vacating conditional stay of arbitration with respect to claims of petitioner Todd Shipyards Corporation against respondent Marine Vessel Leasing Corporation, is unanimously affirmed, with $50 costs and disbursements payable to respondent Marine Vessel Leasing Corporation by appellant Todd. Motion by respondents Marine Vessel Leasing Corporation and Marine Ship Leasing Corporation to strike certain portions of petitioner's appendix is granted to the extent of deeming stricken those portions of petitioner's appendix (enumerated as Items a to g in the notice of motion), which were not before Special Term, and the motion is otherwise denied, without costs and without disbursements. Essentially we agree with the reasons stated by Justice Helman at Special Term for his decisions. As petitioner Todd Shipyards has raised certain additional arguments not made at Special Term, we make the following additional comments: The arbitration clause is a broad arbitration clause covering "any dispute, disagreement or difference of opinion between Builder [Todd] and Owner [Marine Vessel] arising out of this Contract." Most of the additional objections to arbitration raised by Todd arise out of the fact that the ships involved were being built for use by and lease to the United States Navy, which would ultimately bear the costs, but the United States is forbidden by law to subject itself to binding arbitration. The experienced lawyers and parties here involved met the problems by a provision for arbitration between Todd and Marine Vessel, the party with whom Todd was contracting, with a provision for review by the internal agencies of the United States Defense Department in the event of an award against Marine Vessel affecting the interests of the United States. We see no reason to excuse Todd from the procedure thus carefully worked out and agreed to meet these problems. As the Court of Appeals has recently reiterated, "the present case offers but another application of the basic principle that arbitration is a creature of contract, yielding to agreement which the parties may conclude * * * It has long been recognized that by agreement the parties may determine the procedures to be followed in arbitration * * * So long as their agreement does not transgress a provision of statute or run afoul of public policy it must be accorded full recognition." (*Matter of HRH Constr. Corp. [Bethlehem Steel Corp.]*, 45 NY2d 675, 682.) Todd points to nothing to excuse it from the arbitration contract that was not known to and contemplated by the parties at the time the contract was entered into. That the arbitration award may have different measures of finality as between the parties in different eventualities does not invalidate the arbitration. (Cf. *Matter of Riccardi [Modern Silver Linen Supply Co.]*, 45 AD2d 191, 193, affd 36 NY2d 945.) Multistep arbitrations and different rights to arbitration as between the parties and even advisory arbitration awards are not unknown to the law.

(Cf. *Alexander v Gardner-Denver Co.,* 415 US 36; *Matter of Wertheim & Co. v Halpert,* 65 AD2d 724; see *Board of Educ. v Yonkers Federation of Teachers,* 46 NY2d 727.) The argument that Marine Vessel has no economic interest in the contracts and that the real parties in interest are the United States, the mortgage lenders, and the owners of the equity in the ships, does not alter the fact that, with full knowledge of these circumstances, the parties drew the contracts so that Todd contracted with Marine Vessel and was in privity only with Marine Vessel. (Cf. *Renel Constr. v Brooklyn Coop. Meat Distr. Center,* 59 AD2d 391, 394-395.) Whether these circumstances and the assignments by Marine Vessel, all known to the parties at the time the arbitration agreement was entered into should defeat Marine Vessel's claim is a question for the arbitrators. (See *Matter of Weinrott [Carp],* 32 NY2d 190.) Concur—Lupiano, J. P., Silverman, Evans, Fein and Markewich, JJ.