William R. VAN GEMERT, Albert A. Henning, Edward E. Houchins, Nathan Pearlman, Elias A. Chariott, for and in behalf of themselves and for all other holders of The Boeing Company 4½% convertible subordinated debentures due July 1, 1980 who are similarly situated, Plaintiffs,

v.

The BOEING COMPANY (formerly Boeing Airplane Company), et al., Defendants.

No. 66 Civ. 1820.

United States District Court
S. D. New York.

Sept. 26, 1966.

Matson, Kass, Goodkind & Wechsler, New York City, for plaintiffs; Stuart D. Wechsler, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Boeing Co.; S. Hazard Gillespie, Henry L. King, Robert B. Fiske, Jr., and Robert F. Dobbin, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Chase Manhattan Bank; Everett I. Willis, Malcolm H. Bell, and Merton Sarnoff, New York City, of counsel.

Walter North, Associate Gen. Counsel, S.E.C., and Joseph C. Daley, New York City, for Securities and Exchange Commission.

Solomon A. Schlesinger, New York City, for Frank Trinkoff.

Havens, Wandless, Stitt & Tighe, New York City, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for Henry J. Hoff, Herbert J. Korbel, New York City, and Burton A. Schwalb, Washington, D. C., of counsel.

Abraham Lillienthal, New York City, for Arthur Frisch.

Irving Steinman, New York City, for Louis Berglas.

Nathan, Mannheimer, Asche, Winer & Friedman, New York City, for Bertha J. Winer; Norman B. Winer, New York City, of counsel.

McClintock, Fulton, Donovan & Waterman, Detroit, Mich., for Marian S. Mitchell; James I. McClintock, Detroit, Mich., of counsel.

Abraham E. Freedman, Philadelphia, Pa., for S. Edward Mittler.

Danzansky & Dickey, Washington, D. C., for Jack Diener; Marshall E. Miller, and Bernard Gordon, Washington, D. C., of counsel.

William H. Manger, Baltimore, Md., for Albert J. Laun.

Foley & Martin, New York City, for E. Plocki; Thomas J. Dufficy, New York City, of counsel.

## OPINION

RYAN, Chief Judge.

This proceeding initiated by the defendant The Boeing Company (formerly Boeing Airplane Company) seeking the entry of an order determining that this action is to be maintained as a class action under Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure, effective July 1, 1966.

The matter comes on for hearing on the return of an order directing "that all present and former holders of The Boeing Company (formerly Boeing Airplane Company) 4½% convertible subordinated debentures, due July 1, 1980 and called for redemption on April 8, 1966, whose debentures were not surrendered for conversion on or before March 29, 1966, show cause, (a) why an order should not be entered determining that this action is to be maintained as a class action under Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure for and on behalf of the aforesaid class, (b) why said debentureholders should not be permitted to appear and intervene in this action and present claims, if any, or (c) why said debentureholders should not be included in the class for and on whose behalf the action is maintained and in the final judgment in said action whether favorable to said class or not."

Due notice of the issuance of the order to show cause dated July 21, 1966 was given, as directed by said order to the attorneys of record in the several actions then pending filed on behalf of holders of the said Boeing Company convertible subordinated debentures, to wit, Harold M. White, et al. v. The Boeing Company, pending in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 66 C 977; Gertrude McNaught, et al. v. The Boeing Company, pending, in the

United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 66 C 979; Dr. Jack Diener v. The Boeing Company, pending in the United States District Court for the District of Columbia, Civil Action No. 1290–'66; Douglas W. MacMillan v. The Boeing Company, pending in Superior Court of the State of California for the County of Los Angeles, No. 886233; Dennis J. Finn v. The Boeing Company pending in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, common law No. 66 L 2396.[1]

Notice of the order to show cause and of its return date was given also to all present and former debentureholders whose address "may be known to the defendants" and by publication twice a week for two successive weeks commencing not later than the week of July 25, 1966 in the national editions of The New York Times and of The Wall Street Journal.

We first direct our attention to the factual background of these actions. Many of the basic facts giving rise to this litigation are of historical record. Thus, it appears as undisputed that:

In 1958 the Boeing Company issued and sold 4½% Convertible Subordinated Debentures due July 1, 1980, in the principal amount of $30,597,600. The debentures were offered to shareholders of record at the close of business on July 15, 1958; each shareholder was given the right to subscribe in the ratio of $100 principal amount of debentures for each 23 shares of capital stock held on the record date. Certain underwriters identified in a prospectus dated July 15, 1958, undertook to purchase any debentures which were unsubscribed at the expiration of the subscription offer on July 29, 1958.

The debentures were unsecured obligations bearing interest from July 29, 1958, at 4½%, payable semi-annually on January 1 and July 1. They were issued in both coupon and fully registered form and the coupon debentures could, at the option of the holder, be registered as to principal only.

The debentures were issued under an indenture dated July 1, 1958, between Boeing and The Chase Manhattan Bank, Trustee. On June 25, 1958, Boeing filed a registration statement with the Securities and Exchange Commission and a copy of the indenture was included as an exhibit to such registration statement. The Securities and Exchange Commission on July 15, 1958, ordered that the registration statement become effective.

In addition to a general incorporation of the indenture terms, the debentures also called the debentureholders' attention to the expiration of the conversion rights ten days prior to the redemption date and specifically incorporated by reference the indenture provisions relating to the notice of redemption. The debentures provided:

"The holder of this Debenture is entitled, at his option, at any time on or before July 1, 1980, or in case this Debenture shall be called for redemption prior to such date, then to and including but not after the tenth day prior to the redemption date, to convert this.

---

**1.** Upon the return of the order to show cause there were nine separate lawsuits pending, all in the Federal Court—Five in the Southern District of New York: William R. Van Gemert, et al. v. The Boeing Company, Chase Manhattan Bank, et al., 66 Civ. 1820; Louis Berglas v. The Boeing Company, et al., 66 Civ. 2385; Harold M. White, et al. v. The Boeing Company, 66 Civ. 977 (transferred from Northern District of Illinois); Gertrude McNaught, et al., v. The Boeing Company, 66 Civ. 979 (transferred from Northern District of Illinois); Bertha J. Weiner, et al. v. The Boeing Company, 66 Civ. 2786. Two suits are in the District Court for the District of Columbia: Jack Diener v. The Boeing Company, Civil Action No. 1290–'66; Henry J. Hoff v. The Boeing Company, Civil Action No. 2084–'66.

The two other pending suits are as follows: S. Edward Mittler, etc. v. The Boeing Company, et al., Southern District of California, Central Division, Civil Action No. 66–1192–FW; Dennis J. Finn v. The Boeing Company, Southern District of Florida, Miami Division.

Debenture * * * at the principal amount hereof * * * into shares of Capital Stock of the Company, at the conversion rate of two shares of Capital Stock for each $100 principal amount of Debentures * * *. The Debentures are subject to redemption * * * at any time or times, at the option of the Company, on not less than 30 nor more than 90 days' prior notice, as provided in the Indenture (at specified redemption prices) * * *."

The redemption price of the debentures at the date of the call was $103.25 for each $100 face value debenture.

The indenture provided in Section 5.02 for notice of redemption as follows:

"SECTION 5.02 *Notice of Redemption; Partial Redemptions.* In case the Company shall desire to exercise the right to redeem all or any part of the Debentures, as the case maybe, pursuant to Section 5.01, it shall publish prior to the date fixed for redemption a notice of such redemption at least twice in an Authorized Newspaper, the first such publication to be not less than 30 days and not more than 90 days before the date fixed for redemption. Such publication shall be in successive weeks but on any day of the week. It shall not be necessary for more than one such publication to be made in the same newspaper. A copy of such notice shall be mailed by the Company at least 30 days prior to such redemption date to the holders of the registered Debentures without coupons and the holders of the coupon Debentures registered as to the principal so to be redeemed at their last addresses as they shall appear upon the registry books, but failure to give or receive such notice by mail, or any defect therein, shall not affect the validity of any proceedings for the redemption of Debentures." [2]

The Board of Directors of Boeing on February 28, 1966 by resolution adopted authorized its officers "to take all such action as they or any one of them deems appropriate or necessary to call for redemption on a date to be selected by them or any one of them, all of the 4½% Convertible Subordinated Debentures * * * outstanding under the Indenture dated July 1, 1958. * * *" A press release was issued that day by Boeing advising of this resolution.

On March 2, 1966, Boeing's Treasurer decided to call the debentures and to establish April 8, 1966 as the redemption date. By letter dated March 2, 1966, he informed the Trustee that the redemption date had been established as April 8, 1966, and instructed the Trustee to publish the redemption notice in all editions of The Wall Street Journal on March 8 and 18, 1966. Such a notice was so published on these dates. Boeing also caused the same notice to be published in The Wall Street Journal and The New York Times on March 28, 1966. On March 25, 1966, four days prior to the expiration of the conversion rights, Boeing issued a press release which stated that:

"Final date for conversion of The Boeing Company's 4¼s convertible subordinated debentures to Boeing common stock is Tuesday, March 29. * * * Closing price of the stock as of March 25 was $154.5, representing a substantial advantage to holders of the bonds if the conversion is elected."

Of the originally issued $30,597,600 face value debentures a total of $29,053,200, or 94.9% of the original issue, were converted into shares of Boeing capital stock by the expiration of the conversion rights on March 29, 1966. The bulk of these conversions ($19,970,300 representing 92.8% of the $21,514,700 face value debentures outstand-

---

2. An "authorized newspaper" is defined in Section 1.01 of the indenture as follows: "*Authorized Newspaper.* The term 'Authorized Newspaper' shall mean a newspaper printed in the English language and customarily published at least once a day for at least five days in each calendar week and of general circulation in the Borough of Manhattan, The City of New York, New York, whether or not such newspaper is published on Saturdays, Sundays and legal holidays."

ing on March 8, 1966) occurred following the notice first published on March 8, 1966, and before the expiration of the conversion rights on March 29, 1966.

After the conversion expiration date (March 29, 1966) there remained $1,544,400 face value debentures unconverted and subject to redemption.

Each of the pending actions listed above is brought by present or former holders of debentures who did not convert their debentures on or prior to March 29, 1966. The claims asserted by some plaintiffs are alleged on behalf of themselves "and others similarly situated" and include a demand for relief on behalf of both present debentureholders and former debentureholders whose debentures have been redeemed.

The attorneys for the "Boeing defendants" who have been served or have appeared have analyzed with great care the complaints filed in all of these actions. It would serve no useful purpose again to do so in this opinion. We find, in so far as the claims asserted against The Boeing Company, its officers, directors, and agents, and The Chase Manhattan Bank, the Indenture Trustee are concerned, these are all true class actions falling within the provisions of Rule 23 F.R.C.P. and that these defendants may avail themselves of the appropriate provisions of that rule applicable to such actions.

It is the contention of these defendants that an order of this Court should issue determining that these actions are to be maintained as class actions under the aforesaid Rule 23(b) (1) and (2), and not under Rule 23(b) (3). We have concluded that this relief should be granted and that all the actions pending in this Court should be consolidated. Appropriate provision will be made in subsequent hearings to be held on due notice for the representation of the parties plaintiff by counsel of their own choice, subject only to such reasonable and prudent provisions as the Court may fix providing for the orderly conduct of this litigation during discovery procedures and at trial. Independent claims asserted against defendants other than the "Boeing defendants" and Indenture Trustee may be separately determined at the one trial.

With the amendments of July 1, 1966, to the Federal Rules of Civil Procedure, a completely new Rule 23 pertaining to class actions became effective.

Former Rule 23 distinguished between class actions which were known as "true," "hybrid" and "spurious." To meet the test of a "true" class action under former Rule 23, members of the class had to be indispensable parties pursuant to joinder rules and apart from the class action procedure. Moore, Federal Rules of Civil Procedure: Some Problems Raised by the Preliminary Draft, 25 Geo.L.J. 551, 570–571 (1937); Note, 51 Va.L.Rev. 629 (1966). In a "hybrid" class action under former Rule 23, the class claimed a "right in a common fund or in common property." Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Deckert, 123 F.2d 979, 983 (3d Cir. 1941); 2 Barron & Holtzoff, Federal Practice and Procedure Section 562.2 at 272 (1961); 3 Moore's Federal Practice, Para. 23.09 (2d ed. 1964). In a "spurious" class action under former Rule 23, such action involved merely "a common question of law or fact * * * and common relief * * * sought." Former Fed.R.Civ.P. 23(a) (3). Such an action was a device for permissive joinder and did not bind absent parties. 2 Barron & Holtzoff, Federal Practice and Procedure Section 562.3 (1961); 3 Moore's Federal Practice, Para. 23.10 (5 and 6) (2d ed. 1964).

The new Rule 23 eliminates the older classifications of "true, hybrid, and spurious" class actions and abolishes the unique characteristics of the old types of class actions and establishes new standards.

Under the new Rule 23 any action to be maintained as a class action *one* must meet at the outset four fundamental requirements established by Rule 23(a) and *two* must then in addition meet any

one of the alternative requirements established in Rule 23(b) (1), (2) or (3).[3]

■ The principal distinction between an action maintained as a class action under 23(b) (3) from those maintained under 23(b) (1) or 23(b) (2) is that in (b) (3) members of the class may request to be excluded from the proceeding and thereby avoid being bound by a judgment against the class. No such option exists to members of a class in an action maintained under Rule 23(b) (1) or (2).

■ We find that these actions meet the requirements of subdivisions (b) (1) (A), (b) (1) (B) and (b) (2) of new Rule 23 and qualify as class actions under each of those three alternative provisions. While the actions also qualify under the less stringent provisions of Rule 23(b) (3), they should not be treated as 23(b) (3) actions, where, to do so, would defeat the very objectives intended to be achieved by Rule 23(b) (1) and (2).

If the actions are classified as Section 23(b) (3) actions, members of the class may elect not to be included and thereby will not be bound by the judgment.

This would permit the institution of separate litigation, thus unduly burdening the judicial system and directly contravening both the stated purpose of Rule 23(b) (1) (A) in protecting defendants against "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class" and the stated purpose of Rule 23(b) (1) (B) in protecting plaintiffs against "adjudications with respect to individual members of the class which as a practical matter would be dispositive of the interest of other members * * * or substantially impair or impede their ability to protect their interests."

It seems apparent that virtually every class action that meets the requirements of 23(b) (1) or 23(b) (2) will also meet the less severe requirements of 23(b) (3). However, where the stricter requirements of 23(b) (1) and 23(b) (2) are squarely presented by the plaintiffs' claims Rule 23(b) (3) is not applicable. The Advisory Committee recognized that

3. The provisions of the Rule 23 upon which this application is based, are:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods, for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

Rule 23(b) (3) is designed for situations where class action treatment is not so clearly called for as in subdivisions (b) (1) and (b) (2) of Rule 23:

"Subdivision (b) (3). *In the situation to which this subdivision relates, class-action treatment is not as clearly called for as in those described above, but it may nevertheless* be convenient and desirable depending upon the particular facts." 39 F.R.D. at 102. (Emphasis supplied.)

In the present case all of the elements of 23(b) (1) and 23(b) (2) are met. To apply 23(b) (3) would run the serious risk of negating the very purpose for which those rules were promulgated. We hold that these actions must be maintained as a class action under Rule 23 (b) (1) and (2), and not under Rule 23 (b) (3).

Let an appropriate Order be submitted granting the relief sought herein.