OPINION OF THE COURT
Norman C. Ryp, J.
Petitioner’s motion, under CPLR 7503 (subd [b]), to stay arbitration is denied. Respondent’s CPLR 7503 (subd [a]) cross motion to compel arbitration is granted.
The petitioner Board of Higher Education (BHE) and respondent Professional Staff Congress/CUNY are parties to a 1978-1980 collective bargaining agreement effective September 1, 1978, containing therein grievance and arbitration provisions. Pursuant to such provisions, respondent filed, on July 12, 1978, a grievance upon behalf of Rosalina Velez, a tenured associate professor in the Department of Urban Health Studies at Hostos Community College. The *498 grievance alleges that the BHE’s refusal to promote Ms. Velez to the rank of full professor is the result of sex discrimination. Said grievance is based upon article 8 of the agreement between the parties, which provides: “Neither the Board nor the Union will discriminate in respect to hire, tenure of employment or any terms or conditions of employment of any employee covered by this Agreement because of sex”.
The petitioner seeks to stay arbitration upon the ground that Ms. Velez is barred from asserting such claim pursuant to section 20.7 of article 20 of the agreement. Said section provides, as follows:
“20.7
DUPLICATIVE PROCEEDINGS
A grievance alleging a violation of Article VIII shall not be processed under this Agreement on behalf of any employee who files or prosecutes, or permits to be filed or prosecuted on his behalf in any court or governmental agency, a claim, complaint or suit, complaining of the action grieved, under applicable federal, state or municipal law or regulation.”
Petitioner contends that Ms. Velez’ status as a member of a class in a pending Federal class action (Melanie v Board of Higher Educ. of City of N.Y., US Dist Ct, SDNY, 73 Civ 5434) comes within the exclusory meaning of section 20.7 of article 20. The subject Melanie class action lawsuit under title 7 of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e et seq.) has been brought and is now pending in the United States District Court, Southern District of New York. In such Federal class action, the named plaintiffs allege upon behalf of themselves and the class members that female employees have been discriminated against by BHE regarding reappointment, tenure, promotion, salary and other terms and conditions of employment. The class is composed of: “all females who are now employed by the Board as members of the professional instructional staff of CUNY, or who at any time since October 1968 had been so employed, or have sought such employment, or who became employed or seek such employment during the pendency of this action.” (Melanie v Board of Higher Educ. of City of N. Y., 17 FEP 1618, 1629, SDNY, June 18, 1976.)
*499 Although Ms. Velez clearly falls within such class definition, it is undisputed that she is not a named plaintiff in that Federal class action, nor has she filed or participated therein in any way. Moreover, the class in the Federal action was certified, pursuant to rule 23 (subd [b], par [2]) of the Federal Rules of Civil Procedure (FRCP), in which unnamed members of the class may not exclude themselves from such class except upon specific “opt out” notice and request under rule 23 (subd [c], par [2]) of the FRCP (Wetzel v Liberty Mut. Ins. Co., 508 F2d 239, cert den 421 US 1011; Van Gemert v Boeing Co., 259 F Supp 125, 130). There is no evidence herein that Ms. Velez was given “opt out” notice in the Melanie v Board of Higher Educ. of City of N.Y. Federal class action under rule 23 (subd [c], par [2]) of the FRCP. In such circumstances, this court does not find that respondent is an “employee who files or prosecutes, or permits to be filed or prosecuted on his behalf in any court or governmental agency, a claim, complaint or suit”. It is clear from the plain language of section 20.7 of article 20 that there was no intent to prohibit arbitration in regard to a grievant who did not consent to being a member of a class and cannot remove herself from such status.
The petitioner’s supporting authority of the cases of Matter of Board of Higher Educ. of City of N.Y. v Professional Staff Congress/CUNY (80 Misc 2d 297) and Matter of Wertheim & Co. v Halpert (65 AD2d 724, affd 48 NY2d 681) are distinguishable, factually and legally. In Matter of Board of Higher Educ. of City of N.Y. v Professional Staff Congress/CUNY (supra), a named plaintiff in the Federal action (Melanie v Board of Higher Educ. of City of N.Y., US Dist Ct, SDNY, 73 Civ 5434, supra) was barred from arbitration pursuant to the provisions of section 20.7 of article 20. Under those circumstances, the court found grievant herself “filed” the class action as a named plaintiff. This contrasts with the subject facts wherein respondent neither filed, prosecuted or willingly permitted such action to be filed or prosecuted upon her behalf.
In Wertheim, the appellate courts upheld a private employer’s motion to compel arbitration of all controversies arising out of employment (NYSE Form U-4 agreement) *500 after respondent filed a Federal sex discrimination claim. This is clearly distinguishable from subject facts involving public employment and a respondent who filed no sex discrimination claim other than as a grievant in arbitration.
Accordingly, the parties shall proceed to arbitration.