Elizabeth R. MEYER, who sues individually and on Behalf of all others similarly situated, Plaintiff,

v.

The CITIZENS AND SOUTHERN NATIONAL BANK, Defendant.

Civ. A. No. 84–103–COL.

United States District Court,
M.D. Georgia,
Columbus Division.

March 7, 1985.

358

Albert W. Stubbs, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., C. Neal Pope, Phenix City, Ala., Richard H. Gill, Copeland, Franco, Screws & Gill, Montgomery, Ala., and C. James Jessee, Jr., Atlanta, Ga., for plaintiff.

John T. Marshall, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., and W.G. Scrantom, Jr., Page, Scrantom, Harris & Chapman, Columbus, Ga., for defendant.

## OPINION

ELLIOTT, District Judge.

This case is before the Court on the motion of Plaintiff, Elizabeth R. Meyer (herein "Plaintiff" or "Plaintiff Meyer"), to certify this action as a class action.

The complaint prays, among other things, for an accounting from The Citizens and Southern National Bank (herein "Defendant" or "Defendant Bank") of certain of its investments made as Trustee of The Citizens and Southern Income Fund (herein the "Common Trust Fund" or the "Fund") maintained by the Defendant Bank and a restoration of principal and income losses incurred by the Defendant because of imprudent or improper management and investment of Common Trust Fund assets.

Plaintiff seeks certification separately or, in the alternative, under Rules 23(b)(1)(A), 23(b)(1)(B) and 23(b)(2), Federal Rules of Civil Procedure.

She defines the class as the beneficiaries of those trusts holding participating units in the Common Trust Fund of Defendant Bank from the beginning of the Fund on May 12, 1966, through the date of the commencement of this action.

The Court has before it, and has considered, the pleadings, depositions, interrogatory responses, affidavits, documents, and briefs filed by both sides. A hearing was held on January 21, 1985.

Defendant has maintained its Common Trust Fund since 1966. The Bank is the sole Trustee of that Fund and has the sole responsibility for investing the assets. The Common Trust Fund was created and governed by a written Declaration of Trust which provides that only individual trusts of which the Defendant Bank is Trustee or Co-Trustee may purchase participating units in the Common Trust Fund. The Defendant Bank serves as Trustee of various instruments entered into between it and the settlors of numerous testamentary or inter vivos trusts. Funds held by Defendant Bank as Trustee or Co-Trustee of the various individual trusts have been used to purchase units of participation in the Common Trust Fund. The formation and operation of the Common Trust Fund is subject to the regulations of the United States Comptroller of the Currency.

During the existence of the Common Trust Fund over 3,500 individual trusts with more than 7,800 beneficiaries have at one time or another owned participating units in the Fund.

The Declaration of Trust of the Common Trust Fund provides as follows:

"SECTION 3.2. *Ownership of assets.* No participating trust shall be deemed to have individual ownership of any asset in the Common Fund, but each shall have a proportionate undivided interest in the Common Fund and shall share ratably with the others in the income, profits or losses thereof. All the assets of the Common Fund shall at all times be considered as assets held by the Bank as fiduciary and title thereto shall be vested solely in the Trustee."

"SECTION 5.1. *Each participation a proportionate interest in the Common Fund.* No trust shall be permitted to acquire a participation in the Common Fund except in such manner and in such amount that the proportionate share or participation of such trust in the Common Fund may at all times be determined. Each participation in the Common Fund shall have a proportionately equal interest in the Common Fund and no participation shall have any prior or preferential interest over any other participation in the Common Fund."

Although legal title to the assets placed in the Common Trust Fund is held by the Defendant Bank as Trustee, Plaintiff Meyer and others like her are the ultimate beneficiaries or equitable owners of those assets. The ownership of the assets in the Common Trust Fund is ownership in common with the individual participating trusts having undivided pro rata ownership according to the number of units in the Common Trust Fund owned by each trust.

The ownership of participating units in the Common Trust Fund is similar to owning units in a mutual fund. The investments made in the Common Trust Fund have the same impact on each participating unit although the degree of impact may vary according to the number of units owned by a particular trust.

The Common Trust Fund has its own separate accounting records. Defendant Bank as sole Trustee of the Common Trust Fund makes the investment decisions.

In December of 1972 Plaintiff Meyer placed $159,778.48 cash with Defendant Bank to be held by it as Trustee for her benefit. The Plaintiff agreed that the Defendant Bank could place her funds in its Common Trust Fund. The Defendant as Trustee of Plaintiff's individual trust used all of Plaintiff's money to purchase participating units in t he Common Trust Fund. Plaintiff Meyer received $900.00 per month income. She became concerned about a decrease in the value of her principal, and, in 1979 she instructed Defendant Bank to cash in the participating units owned by her individual trust in the income fund. She received a payment of $99,238.78, a loss of about 38%.

Rule 23, Federal Rules of Civil Procedure, outlines in detail the requirements for a class action. Subparagraph (a) of that Rule provides that members of a class may sue or be sued as representative parties on behalf of all only if there is (1) numerosity, (2) common questions of law or fact, (3) typicality, and (4) fair and adequate protection of class interests by the representative parties.

Subparagraph (b) provides for maintenance of a class action if, in addition to the requirements of subparagraph (a), (1) separate actions would create a risk of (A) inconsistent results establishing incompatible standards of conduct, or (B) adjudications which would be dispositive of the interests of non-parties or substantially impair or impede their ability to protect those interests, or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, or (3) the common questions of law or fact predominate over questions affecting individual members and the class action is superior to other available methods.

█ It should be observed at the outset that in order to have a class certified, one must meet all four requirements of Federal Rules of Civil Procedure 23(a) and at least one of the conditions under Rule 23(b). *Blake v. Arnett,* 663 F.2d 906, 912 (9 Cir.1981); *Wetzel v. Liberty Mutual In-*

*surance Co.,* 508 F.2d 239, 245, 248 (3 Cir.), *cert. den.* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The Court has discretion in ruling on a motion to certify a class. *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1347 (11 Cir.1983); *Perryman v. Johnson Products Co., Inc.,* 698 F.2d 1138, 1147 (11 Cir.1983). This discretion extends to defining the scope of the class. *Shapiro v. Midwest Rubber Reclaiming Co.,* 626 F.2d 63, 71 (8 Cir.1980).

It is the opinion of the Court that the class should be, and hereby is, certified. It is appropriate to set forth the authorities and the reasoning of the Court which support this ruling. In doing so, the Court will follow the outline of the requirements set forth in Rule 23.

 The first requirement is that of numerosity. Federal Rules of Civil Procedure 23(a)(1). It appears that over 3,500 individual trusts with more than 7,800 beneficiaries have participated in the Common Trust Fund and that, since 1972, there were never less than 140. Clearly, joinder of such parties would be impracticable. Defendant Bank contends that perhaps some beneficiaries who are potential members of the class cannot be ascertained or, in some instances, they cannot be clearly identified. However, the fact that the precise number of potential members of the class cannot be ascertained does not bar class certification. *Vergara v. Hampton,* 581 F.2d 1281, 1284 (7 Cir.1978), *cert. den.,* 441 U.S. 905, 99 S.Ct. 1993, 60 L.Ed.2d 373 (1978); *In Re U.S. Financial Securities Litigation,* 69 F.R.D. 24, 34 (S.D.Cal.1975). Furthermore, it is not necessary that the members of the class be so clearly identified that any member can be presently ascertained. *Jones v. Diamond,* 519 F.2d 1090, 1100 (5 Cir.1975); *Carpenter v. Davis,* 424 F.2d 257, 260 (5 Cir.1970). Difficulty in identifying class members makes joinder more impractical and certification more desirable. *Doe v. Charleston Area Medical Center, Inc.,* 529 F.2d 638, 645 (4 Cir.1975); *Jack v. American Linen Supply Co.,* 498 F.2d 122, 124 (5 Cir.1974).

Therefore, the numerosity requirement is met.

 Fed.R.Civ.P. 23(a)(2) requires the existence of a question of law or fact common to the class. A common question is one which arises from a "nucleus of operative facts" regardless of whether "the underlying facts fluctuate over a class period and vary as to individual claimants". *Cohen v. Uniroyal, Inc.,* 77 F.R.D. 685, 690, 691 (E.D.Pa.1977); *In Re Corrugated Container Antitrust Litigation,* 80 F.R.D. 244, 250 (S.D.Tex.1978). The questions of law and fact involved in this case are clearly common. Every investment decision affected every person whose individual trust owned units in the Common Trust Fund. In each instance the question was: Did the Defendant Bank, as Trustee of the Common Trust Fund, make a reasonably prudent investment? *Cf. Klamberg v. Roth,* 473 F.Supp. 544, 558 (S.D.N.Y.1979), [class of trust beneficiaries appropriately certified]; *In Re Financial Securities Litigation, supra,* at 34, 35, [commonality and typicality were each present where class alleged an accounting firm negligently and fraudulently prepared financial statements containing untrue statements of material fact]; *Werfel v. Kramarsky,* 61 F.R.D. 674, 680 (S.D.N.Y.1974), [action to hold officers and directors of a corporation responsible for misleading statements concerning financial condition relied upon by investors and stockholders to their detriment contains common questions of law and fact]; *Dorfman v. First Boston Corporation,* 62 F.R.D. 466, 474 (E.D.Pa.1973), [reliance of class members on statements made in offering circulars contained issues of law and fact common to the class].

Plaintiff Meyer is looking only to the investment decisions made by the Defendant Bank as Trustee of the Common Trust Fund. Although, as Defendant Bank points out, the amount of money ultimately recovered, if any, by each beneficiary of individual trusts owning units in the Common Trust Fund may vary, such a variance does not destroy commonality and bar class certification. *Brown v. Cameron-Brown*

*Co.,* 92 F.R.D. 32, 37–38 (E.D.Va.1981); *Partain v. First National Bank of Montgomery,* 59 F.R.D. 56, 59 (M.D.Ala.1973). *Partain* illustrates how damages can be mathematically computed on the basis of Defendant Bank's records. The amount of recovery by each class member can be determined by the use of a computer without the need to further burden the Court.

■ Further, under Rule 23(a)(3), the claims of the representative parties must be typical of the claims of the class. It is equally clear that the typicality requirement in this case has been met. The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory. *Paskel v. Heckler,* 99 F.R.D. 80, 83, 84 (E.D.Pa.1983); H. Newberg, *Class Actions,* § 1115, pp. 184–188 (1977). The requirement is that Plaintiff and each member of the represented group have an interest in prevailing on similar legal claims. Assuming such interest, particular factual differences, differences in the amount of damages claimed, or even the availability of certain defenses against a class representative may not render his or her claims atypical. *Zeffiro v. First Pa. Banking & Trust Co.,* 96 F.R.D. 567, 569 (E.D.Pa.1983).

■ Plaintiff Meyer and the entire class that she purports to represent have one objective. The purpose of the Plaintiff and the class is to show that the Defendant Bank as Trustee made imprudent investments and that those investments caused a loss. Questions such as when one comes into the fund or when investments are made and sold in the fund or the varying amounts that might be ultimately recovered after funds are restored to the Common Trust Fund do not defeat typicality when the same objective is pursued and the damage is the result of the same course of conduct. People whose trusts owned units before and after Plaintiff Meyer owned hers necessarily pursue the same legal issues as Plaintiff Meyer in spite of the fact that the timing of certain investments made by Defendant Bank may produce varying amounts of recovery. Typicality is designed simply to "insure that plaintiff will present claims of class members". *Steiner v. Equimark Corp.,* 96 F.R.D. 603, 609 (W.D.Pa.1983). As to the typicality requirement, see also, *United National Records, Inc. v. MCA, Inc.,* 99 F.R.D. 178, 181 (N.D.Ill.1983); *Resnick v. American Dental Assn.,* 90 F.R.D. 530, 539 (N.D.Ill. 1981); *Gilchrist v. Bolger,* 89 F.R.D. 402, 404 (S.D.Ga.1981).

■ In order to find that Plaintiff Meyer is an adequate representative under Fed.R. Civ.P. 23(a)(4), it is necessary to determine (1) that the representatives and their attorneys will competently and vigorously prosecute the suit, and (2) that the interest of the class representative is not antagonistic to, or in conflict with, other members of the class. *Zeffiro v. First Pa. Banking & Trust Co.,* 96 F.R.D. 567, 570–71 (E.D.Pa. 1983); *In Re Alcoholic Beverages Litigation,* 95 F.R.D. 321, 325 (E.D.N.Y.1982); 3B *Moore's Federal Practice,* § 23.07[1] at p. 23–210. The Court finds that Plaintiff Meyer and her attorneys have and will continue to vigorously and competently prosecute this case. Plaintiff Meyer's interest is not antagonistic to that of other class members. The interest of all class members in restoring money to the Common Trust Fund is the same. There is no competing interest in the restoration. If and when restoration is made, the pro rata share belonging to each individual trust, and thus to each class member, is a matter of arithmetic. Every member of the class will want restored to the Common Trust Fund every dollar lost by imprudent investments if any are proven at a trial on the merits.

■ Plaintiff Meyer's claim is typical of the claims of all class members who owned units in the Common Trust Fund at any time, and the Court finds that she is an adequate representative.

■ The Court further finds that the legal representation of Plaintiff Meyer is adequate. It consists of two Columbus, Georgia, law firms, an Atlanta, Georgia,

law firm, and a Montgomery, Alabama, law firm, and the last mentioned firm represented the Plaintiff in *Martin v. First Alabama Bank*, 425 So.2d 415 (Ala.1982), *cert. den.*, 461 U.S. 938, 77 L.Ed.2d 313, 103 S.Ct. 2109 (1984), a case very much like the case at bar. These lawyers are experienced in class actions and other complicated litigation. Except for the Alabama firm, they have practiced in this Court for many years.

■ Having determined that the Plaintiff meets the four requirements of Rule 23(a), it becomes necessary to decide whether the action falls within one or more of the subsections of Rule 23(b).

Rules 23(b)(1)(A) and (B) and 23(b)(2) provide that class action treatment is appropriate where:

(1) The prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to their adjudications or substantially impair or impede their ability to protect their interests, or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Here the complaint sets up a claim for the Defendant Bank to restore funds to the Common Trust Fund based on allegations that Defendant made certain imprudent investments in breach of its duties as Trustee of the Fund. An individual suit by each beneficiary of separate individual trusts to redress the wrong common to all of them would result in a multiplicity of actions contrary to the spirit of Rule 23. If a suit by Plaintiff Meyer established a breach of duty as to one or more Common Trust Fund investments, while a suit by another plaintiff resulted in a finding of no breach of duty, the Defendant Bank as the party opposing the class could not act in a consistent way in view of the opposite findings. Furthermore, an adjudication either that the Defendant did breach its duty in management of the Common Trust Fund assets or that it did not would as a practical matter be dispositive of the interests of all other beneficiaries whose trusts hold participating units in the Fund.

With regard to Rule 23(b)(2) it appears that if Defendant Bank has made imprudent investments its actions in that regard amount to a breach of fiduciary duty to all beneficiaries of individual trusts owning participating units in the Common Trust Fund. Since Defendant Bank has acted on grounds generally applicable to the class as a whole, this makes declaratory relief in the form of an accounting for those investments and a restoration of losses appropriate.

The notes of the Advisory Committee pertaining to Rule 23 recognize the applicability of Rule 23(b)(1) to a case such as this one. Advisory Committee Note to Rule 23, 39 F.R.D. 98, 101, states in part the following:

"The same reasoning applies to an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust. See *Boesenberg v. Chicago T. & T. Co.*, 128 F.2d 245 (7th Cir.1942); *Citizens Banking Co. v. Monticello State Bank*, 143 F.2d 261 (8th Cir.1944); *Redmond v. Commerce Trust Co.*, 144 F.2d 140 (8th Cir.1944), cert. denied, 323 U.S. 776 [65 S.Ct. 187, 89 L.Ed. 620] (1944); cf. *York v. Guaranty Trust Co.*, 143 F.2d 503 (2d Cir.1944), rev'd on grounds not here relevant, 326 U.S. 99 [65 S.Ct. 1464, 89 L.Ed. 2079] (1945)."

In *Martin v. First Alabama Bank, supra* at 423, the Alabama Supreme Court, in a case almost identical to the case at bar, certified the class under the Alabama Rule 23(b)(1) or 23(b)(2) which is identical to the Federal Rule. For other cases where declaratory relief is sought with ultimate monetary recovery expected in which classes were held to be properly certified under Rule 23(b)(1) or 23(b)(2) see *Citizens Banking Co. v. Monticello State Bank,* 143 F.2d 261, 264 (8 Cir.1944); *Senter v. General Motors Corp.,* 532 F.2d 511, 525 (6 Cir.1976), *cert. den.,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Mungin v. Florida East Coast Railway Company,* 318 F.Supp. 720, 730 (M.D.Fla.1970), *aff'd per curiam,* 441 F.2d 728 (5 Cir.1971).

Therefore, the class sought to be certified falls within either Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B) or 23(b)(2).

■■■ Plaintiff has not asked for certification under 23(b)(3), but Defendant maintains that only such subsection is appropriate. The Court disagrees. The cases hold that when there is a choice between a class action under Rule 23(b)(1) or (b)(2) on the one hand and (b)(3) on the other, the Court should order that the suit be maintained as a class action under Rule 23(b)(1) or (b)(2) rather than under (b)(3). *Reynolds v. National Football League,* 584 F.2d 280, 284 (8 Cir.1978); *Robertson v. National Basketball Association,* 556 F.2d 682, 685 (2 Cir.1977); *Berman v. Narragansett Racing Association,* 48 F.R.D. 333, 337 (D.R.I. 1969); *Van Gemert v. Boeing Company,* 259 F.Supp. 125, 130, 131 (S.D.N.Y.1966).

If the action is classified as a Rule 23(b)(3) action, members of the class may elect not to be included and thereby will not be bound by the judgment, while a judgment under Rule 23(b)(1) or (b)(2) binds everyone in the class. No one may opt out and bring a second suit to relitigate the same issues or claims (*Berman v. Narragansett Racing Association, supra* at 337) which could result in imposing incompatible standards of conduct on the Bank and the class. *Martin v. First Alabama Bank, supra* at 423.

It should be noted that Fed.R.Civ.P. 23(c) expressly limits mandatory notice and opt-out rights to class certification under Rule 23(b)(3).

The Defendant Bank warns that certification requires the Court to examine investment decisions, trust instruments and trust purposes relating to the individual trusts which purchased participating units. The complaint, however, makes no such charge concerning individual trust agreements or investments. Outside investments would have no bearing on the liability of the Common Trust Fund Trustee for investments made by it within the Common Trust Fund.

■■■ Defendant further contends that Plaintiff Meyer's class should not be certified because many of its members fail to meet the jurisdictional amount requirement or because some members lack standing. Plaintiff Meyer alleges a loss in excess of $60,000.00. The exact losses, if any, of the class members are unknown at this time. Nonetheless, there is no requirement for independent satisfaction of the jurisdictional amount by each absent class member since the Court here is dealing with claims arising out of common individual interests in a single fund. *Troy Bank v. G.A. Whitehead & Co.,* 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911); *Glover v. Johns-Manville Corp.,* 662 F.2d 225, 231 (4 Cir.1981); *Dixon v. Northwestern National Bank of Mineapolis,* 276 F.Supp. 96, 99–103 (D.Minn.1967). In *O'Brien v. Continental Illinois Bank & Trust,* 443 F.Supp. 1131, 1139 (N.D.Ill.1977), the court rejected the bank's aggregation contention in a suit brought by pension fund beneficiaries seeking an accounting and restoration of losses allegedly incurred by the fund's trustee, saying: " ... suits to reconstitute a trust are in fact 'joint' and 'true' class actions which are appropriate for 'aggregation'."

■■■ The Court disagrees with Defendant's contention that certain class members lack standing. If the Defendant Bank as Trustee of the Common Trust Fund made

**364**

imprudent investments which resulted in losses, class members suffered injury and may bring an action against the Defendant Bank. O.C.G.A. §§ 51–1–19, 53–13–51; *Citizens Banking Co. v. Monticello State Bank,* 143 F.2d 261, 264 (8 Cir.1944); Bogert, *The Law of Trusts and Trustees,* § 871 at p. 130, (Rev. 2nd ed. 1982). Plaintiff Meyer does not have to demand that Defendant Bank, which is Trustee or Co-Trustee of each individual trust owning units in the Common Trust Fund and which has an adverse interest in this litigation, bring suit against itself. The law does not require a useless act. *Booth v. Security Mutual Life Insurance Company,* 155 F.Supp. 755, 760 (D.N.J.1957); *Bogert, supra,* § 869 at p. 92. As to standing, see also *Vuyanich v. Republic National Bank of Dallas,* 723 F.2d 1195, 1200 (5 Cir.1984); *Gilchrist v. Bolger,* 89 F.R.D. 402, 407 (S.D.Ga.1981).

Accordingly, the Court concludes as follows:

(1) Plaintiff has met the requirements of Rule 23(a)(1)–(4) Fed.R.Civ.P. in that:

 1. The class is so numerous that joinder of all members is impractical;

 2. There are questions of law and fact common to the class;

 3. The claims of the representative plaintiff are typical of the claims of the class; and

 4. The representative plaintiff will fairly and adequately represent the interests of the class.

(2) Plaintiff has further met the requirements of Rule 23(b)(1)(A), Fed.R.Civ.P., in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant Bank (the party opposing the class).

(3) Plaintiff has also met the criteria of Rule 23(b)(1)(B), Fed.R.Civ.P., in that the prosecution of separate actions by individual members of the class would create a risk of adjudication with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

(4) Plaintiff also has met the requirements of Rule 23(b)(2) in that the Bank has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

(5) The Court, having fully considered the matters, is of the opinion and finds that this action should be maintained and should proceed as a class action under Rules 23(b)(1)(A), 23(b)(1)(B) and/or 23(b)(2), Fed. R.Civ.P., on behalf of a class defined as the beneficiaries of those trusts holding participating units in the Common Trust Fund of Defendant Bank since the Fund's inception on May 12, 1966, through the commencement of this action, and that Plaintiff Meyer may and shall represent such class.

The stay of discovery on the merits of Plaintiff's claim heretofore entered is hereby lifted and terminated. The Defendant shall respond to Plaintiff's interrogatories and request for production of documents within 20 days from the date of this order.

All other matters are reserved.